## High Court of the Independent Order of Foresters of the State of Illinois v. Hannah Edelstein.

1. BENEFIT SOCIETIES—*Good Standing of Members—How Shown—Presumptions as to.*—The issuing of a certificate of membership by a mutual benefit society is evidence of the holder's good standing in the order when it issued, and such good standing will be presumed to continue, unless there is proof that it no longer exists. The burden of proving loss of good standing rests upon the society.

2. SAME—*Forfeiture of Membership.*—A provision in the constitution of a benefit society, that members "shall be dropped from membership in the order" for failure to pay assessments is not self-executing, but requires, in order to terminate the membership, the affirmative action of the corporation to ascertain and declare the forfeiture.

3. SAME—*Loss of Good Standing In—How Shown.*—The fact that a member of a benefit society, is not in good standing in the order can only be shown by the records, minutes or proceedings of the order itself. Such a society being a corporate body, its attitude toward a member can only be shown through its action as such corporation.

Assumpsit, on a benefit certificate. Appeal from the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed May 6, 1897.

SEYMOUR STEDMAN, attorney for appellant; CHARLES H. SOELKE, of counsel.

MOSES, ROSENTHAL & KENNEDY, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

One Israel Edelstein was a member of a subordinate court of the appellant order, and an endowment certificate for one thousand dollars was issued to him by appellant on April 21, 1889, payable to the appellee, his mother, and he died May 12, 1893.

The defense to the suit that was begun on the certificate was that the deceased was not a member in good standing in the order at the time of his death, owing, primarily, to his neglect to pay certain assessments.

The fact of the issuance of the certificate to him was evidence of his good standing at that time, and it will be presumed to have continued until the contrary be shown, and the burden of showing that contrary was upon the order. Independent Order v. Zak, 136 Ill. 185; N. W. Traveling Men's Assoc. v. Schauss, 148 Ill. 304.

Section 7, Article XVI, of the Constitution of the Order provides, amongst other things, as follows :

" Immediately upon the receipt of notice of assessment, the financial secretary of each subordinate court shall send a notice to each member, and if any member fails to pay the amount of said assessment within thirty days from the date of the notice, he shall be dropped from membership in the order."

Assuming that the requisite notice to Edelstein was given and received, and that he failed to pay the assessments for the three or four months preceding that in which his death occurred, he did not thereby, *ipso facto*, cease to be a member in good standing.

The provision above quoted, that he should in such case " be dropped from membership," was not self-executing. There yet remained something to be done to determine his

standing, and in such respect there is a difference between this case and that of Hansen v. Sup. Lodge, 40 Ill. App. 216, wherein the provision there being considered was held to be self-executing. Same Case, 140 Ill. 301.

The provision here, is like that in Northwestern Traveling Men's Association v. Schauss, 51 Ill. App. 78, where we held, distinguishing it from the Hansen case, that the provision was not self-executing, but required, in order to terminate the membership, the affirmative action of the corporate body to ascertain and declare the forfeiture. And in so holding we were sustained by the Supreme Court in the same case, reported in 148 Ill. 304.

Was such affirmative action by the order ever taken in this case? If it were, it must be proved by the records or proceedings of the order itself. Ind. Order, etc., v. Zak, *supra*.

Some attempt to prove action taken by the order in the case of the deceased was made, but the book that the witness purported to read from was not shown to be, or to contain, any part of the records of the order, nor did it appear in any way that the minutes were those of a quorum of any body of members, officers or other persons.

So far as this record shows, the deceased was never "dropped" from membership or his membership in any way terminated.

The judgment of the Superior Court is therefore affirmed.