## UNITED STATES BENEVOLENT SOCIETY *v.* WATSON.

[No. 6,269.    Filed March 20, 1908.]

1. INSURANCE. — *Premiums.—Payment.—Waiver.—Agency.*—Where a collector for an insurance company accepts past-due premiums, sends them to the company, and they are accepted, the jury may infer a waiver of the conditions of the policy requiring, as a condition precedent to the validity of the policy, that such payments be made in advance.   p. 455.

2. SAME.—*Forfeitures.—Construction.*—The provisions of an insurance policy for a forfeiture are construed most strongly against the insurer, and in favor of the assured.   p. 456.

3. SAME.—*Agents of the Insurer and Assured.—Validity of Provision for.*—Provisions of an insurance policy that the company's agent shall be considered the agent of assured for certain purposes, are void.   p. 456.

4. APPEAL.—*Bills of Exceptions.—How Considered.*—Where a second bill of exceptions covering the incidents of the trial is filed, it will be considered as supplementing the first bill, the same as if both were contained in one bill.   p. 456.

5. SAME. — *Evidence. — Introduction. — Waiver. — Presumptions.*— Where one bill of exceptions states that the insurance policy in question was in evidence, and another bill states that it was identified but not read to the jury, the court, on appeal, will, in order to sustain the regularity of the proceedings and judgment, indulge the presumption that the reading thereof to the jury was waived.   Comstock, J., dissenting.   p. 457.

6. SAME.—*Merits.—Damages.*—Where an unmeritorious appeal is taken, the court, on appeal, may assess proper damages in favor of appellee.   p. 457.

From Superior Court of Vigo County; *Samuel C. Stimson,* Judge.

Action by Eccles G. Watson against the United States Benevolent Society. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*J. Wesley Jones,* for appellant.

*Felix Blankenbaker* and *George D. Shannon,* for appellee.

ROBY, C. J.—Action by Eccles G. Watson against the United States Benevolent Society. The amended complaint is in one paragraph. It is therein averred that the appel-

lant is a mutual benefit insurance society, organized under the laws of the state of Michigan, and engaged in the business of health and accident insurance in Terre Haute, Indiana; that on December 6, 1899, appellee was duly accepted as a beneficiary member of said society at said city of Terre Haute, and continued as such member until May 1, 1906, and was at all times in good standing; that a certificate of membership was issued to him, and a copy of the same is filed as an exhibit; that by its terms it was provided that if, after said certificate had been in force ninety days, appellee, by reason of

> "sickness or disease that begins after the expiration of the above term, becomes strictly confined to the house and totally disabled and prevented from transacting any and every kind of business, upon satisfactory proofs to the society of such confinement or total disability, said member shall be indemnified for the number of consecutive days, after the first week, that he is actually confined to the house, subject to the personal calls of a registered physician and in good standing, not to exceed thirty [weeks] during one year from the beginning of any illness at the rate of $7 per week for the first eight weeks, $10 per week for the next eight weeks, $12 per week for the next eight weeks, and $15 per week for the remaining six weeks of the aforesaid period;"

that on December 21, 1904, while said contract was in full force, appellee became sick with lagrippe and bronchitis, and was confined to the house subject to the personal calls of a registered physician in good standing, etc., and prevented for twenty weeks from performing his duties as porter in a restaurant; that he performed all the conditions of said contract on his part, made proof of said disability, and demanded payment, which was refused.

Appellant answered: (1) General denial; (2) that by the terms of the contract sued upon all premiums are due and payable on the first day of each and every month, and that a failure to pay said premium when due will immedi-

ately terminate said membership and insurance; that acceptance of any past-due assessment is optional with the society, and shall not in any case be a waiver of the forfeiture of this contract, but shall be construed and have the same effect as if a new application had been made and a new contract issued on the day following such acceptance, and "for the payment and remittance of such past-due assessment the insured constitutes the local secretary his agent;" that appellee failed to pay his assessments due on November 1, and December 1, 1904, on said days, but on December 22 paid to the local agent $2, with the understanding that said agent would ascertain from appellant if said payment would reinstate appellee; that on January 1, 1905, appellee paid $1 to said agent who, on January 12, remitted said $3, the amount of said payments, to appellant, who reinstated appellee, and that he then stood as if he had made a new application, and was not entitled to benefits for ninety days from the time of such reinstatement.

The issue thus formed was submitted to a jury, and a verdict for $198.72 returned for appellee, and judgment rendered thereon.

The only error assigned is based upon the action of the court in overruling the motion made by appellant for a new trial. Grounds stated for a new trial, and not waived, are that the verdict is not sustained by sufficient evidence and is contrary to law, and that a peremptory instruction requested by appellant should have been given.

The evidence is in the record. It includes a policy or certificate of membership issued to appellee by the United States Benevolent Society of Saginaw, Michigan, dated December 6, 1899, and containing terms heretofore quoted, together with a great many others. Fifty-four receipts evidencing payments of monthly assessments were also in evidence. One of these is dated November 1, and one December 1, 1904. These are signed by J. Wesley Jones, who repre-

sented appellant in said city, and by whom thirteen other of said receipts were also executed. Proof of illness and medical attention was made without controversy, and by correspondence between the parties the ground of the defense on the part of appellant was restricted to the points therein made by it, all of which are set up in the second paragraph of answer. This correspondence, which is too long to be set out, most clearly shows that the appellant's benevolences are not distributed with a too lavish hand, and also illustrates the inequality existing between appellant's logicians, armed with the conditions and terms of the certificate, and its patron's unskilled inference and ignorance of the fine points of his contract.

The evidence sustains the verdict. The jury might have found that the November and December payments were made on the first days of those months, as is stated 1. in the writeen receipt given therefore. *Mowry* v. *Home Life Ins. Co.* (1869), 9 R. I. 346; *Independent Order, etc.,* v. *Haggerty* (1899), 86 Ill. App. 31. The act of the collector was the act of the appellant, and there was evidence justifying the finding that strict payment was waived. *Rutherford* v. *Prudential Ins. Co.* (1905), 34 Ind. App. 531; *Painter* v. *Industrial Life Assn.* (1891), 131 Ind. 68. There is not the slightest evidence that appellee was "reinstated." He simply continued to make his payments on the first of January and the ensuing months. The representative who collected his November and December assessments did not remit them to the appellant until January 12, at which time the January payment was also sent. There is not shown to have been the slightest communication from him to appellant relative to the time when appellee paid any assessment, nor as to any forfeiture or reinstatement.

The class of indemnity which appellant held itself out as furnishing is of the highest public utility. Various

states are considering the adoption of some guaranteed form of industrial insurance by which the humble and poor may find certain protection against misfortune and pauperism. It is a matter of common knowledge that large amounts of money are collected from ignorant persons by companies and associations which adopt high sounding titles, and print the amount of benefits they agree to pay in large black-faced type, following such undertakings by fine-print conditions which destroy the substance of the promise. All provisions, conditions or exceptions which in any way tend to work a forfeiture of the policy should be construed most strongly against those for whose benefit they are inserted, and most favorably toward those against whom they are meant to operate. *Standard Life, etc., Ins. Co.* v. *Martin* (1893), 133 Ind. 376; *McElfresh* v. *Odd Fellows Accident Co.* (1899), 21 Ind. App. 557; 1 Cyc. Law and Proc., 243, and cases there cited.

The stipulation in the policy to the effect that the appellant's local secretary should be the agent of the insured in the remittance of past-due premiums is not a valid one. The nature of the duty to appellant which such secretary owed is inconsistent with such second agency. *North British, etc., Ins. Co.* v. *Crutchfield* (1886), 108 Ind. 518; *Commercial Union Assur. Co.* v. *State, ex rel.* (1888), 113 Ind. 331; *Supreme Tribe, etc.,* v. *Hall* (1900), 24 Ind. App. 316, 79 Am. St. 262.

The appellant presented and the court signed and made a bill of exceptions containing the evidence as before set out a part of the record. Such bill states that the policy set out was introduced in evidence. Subsequently appellant presented and the court signed and made part of the record a second bill of exceptions. The facts set out in both bills relate to the trial of the cause, and are designed to show what did or did not take place therein, and form the only basis by which appellant's exception to the action of the court in overruling its motion

for a new trial can be made available on appeal. The second bill may be regarded as supplementary, and the facts stated are entitled to the same force they would have, had they all been incorporated in the first bill. The second states that the original certificate of insurance was not read in evidence to the jury; that it was introduced by the attorney for appellee and identified by the reporter, but was not read to the jury. Appellant relies upon the cases which hold that, where a written contract is the

5. basis of an action, there must be evidence of the existence of such contract to authorize a verdict. *Higman* v. *Hood* (1892), 3 Ind. App. 456, 458. The record herein shows affirmatively that such instrument was in evidence, and sets it out *in extenso*. The purpose of introducing evidence is to enlighten the jury. When such evidence consists of a written instrument it must be read to the jury unless such reading is waived by the parties, as is frequently done. All presumptions are in favor of the validity of the judgment and the regularity of the proceedings. We are therefore bound to presume that the reading of the certificate was waived by the appellant. If its bill of exceptions showed further that appellant objected to the introduction of such certificate without reading, and excepted to the overruling of his objection, a different question would be presented. There was not the slightest controversy as to the terms of the instrument, and under the evidence the judge might properly have stated its terms and amounts in his instructions. The instructions were oral and are not in the record.

The appeal is without merit, and the judgment is

6. therefore affirmed, with ten per cent damages and costs.

Myers, Hadley, Rabb and Watson, JJ., concur.

Dissenting opinion by Comstock, J.

## DISSENTING OPINION.

COMSTOCK, J.—Action by appellee against appellant, on a certificate of insurance issued to him in a combination policy of insurance, providing for benefits for loss of time from accident, for loss of time occasioned by sickness and for death benefit, to recover for loss of time occasioned by sickness.

The clause in said policy of insurance relating to sick benefits, is as follows:

"If at any time after this certificate has been maintained in continuous force and effect for ninety consecutive days, the aforesaid member shall, by reason of sickness or disease that begins after the expiration of the above term, become strictly confined to the house and totally disabled and prevented from transacting any and every kind of business, upon satisfactory proofs to the society of such confinement and total disability, said member shall be indemnified for the number of consecutive days, after the first week, that he is actually confined to the house, subject to the personal calls of a registered physician in good standing, not to exceed thirty [weeks] during one year from the beginning of any illness, at the rate of $7 per week for the first eight weeks, $10 per week for the next eight weeks, $12 per week for the next eight weeks, and $15 per week for the remaining six weeks of the aforesaid period."

The policy also contained the following conditions:

"Assessments are to be paid monthly in advance. * * * The failure to pay any assessment when due, will immediately terminate this membership and insurance. The acceptance of any past-due assessment is optional with the society and shall not in any case be a waiver of the forfeiture of this contract and insurance, but shall be construed and have the same effect as if a new application had been made and a new certificate issued on the day following such acceptance, and for the payment and remittance of such past-due assessment the insured constitutes the local secretary his agent."

Appellee alleges in his complaint that he performed all the conditions to be performed by him; that he became sick on December 21, 1904, and was sick for twenty weeks, for which he claims benefits. Appellant answered in two paragraphs—general denial, and a second paragraph alleging affirmative matter showing that appellee's membership in said society had been terminated by his failure to pay certain assessments and his subsequent reinstatement, and that he was not entitled to sick benefits until ninety days after said reinstatement, as provided in said policy. Appellee's demurrer to the second paragraph of answer was overruled. The cause was put at issue, and tried by a jury, and a verdict returned in favor of appellee for $198.72, upon which judgment was rendered. The court overruled appellant's motion to instruct the jury to render a verdict in its favor, and overruled its motion for a new trial, and these rulings are assigned as error on this appeal.

It is insisted that the instruction to return a verdict for the defendant should have been given, because the appellee failed to give in evidence the policy of insurance upon which the action was founded, as shown by the bill of exceptions. The bill of exceptions states that "the defendant in the above-entitled cause filed his motion for a new trial therein, and stated as one ground and reason therein specified, in specification number two, that the verdict of the jury is not sustained by sufficient evidence, to wit, the original certificate of insurance, which is in writing, was not read in evidence to the jury. Counsel for appellee offered and had marked by the reporter said original policy of insurance, and said he would introduce the same in evidence, but did not read in evidence to the jury said policy of insurance, or any part thereof; that said original policy of insurance, or any part thereof, was not read by any one, during the trial of said cause, to the jury."

The policy, as hereinbefore set out, contained certain material provisions and conditions, the proof of which de-

pended upon the policy which was the contract between the parties. The policy was not read to the jury, nor is it shown that its reading was waived. Waiver of evidence upon which the successful prosecution of an action depends, is not presumed and this is unquestionably true where a general denial is filed. There was therefore a fatal defect in the proof to sustain the verdict, for which the judgment should be reversed.