LINDE AIR PRODUCTS COMPANY v. FIRST CALUMET TRUST AND SAVINGS COMPANY, ADMINISTRATOR.

[No. 23,074. Filed February 21, 1917. Rehearing denied June 27, 1917.]

1. APPEAL.—Review.—Evidence.—Weight and Sufficiency.—Verdict.—In an action against the master for the negligent death of an employe, where the evidence clearly established that decedent was struck and killed by a plunger thrown from a compressed air tank because of the air pressure, and the evidence was conflicting as to whether the master opened the drain cocks on the tank to allow the air to escape before ordering the employe to work on such tank, the weight of the evidence was for the jury and its verdict will not be disturbed on appeal. pp. 438, 439.

2. TRIAL.—Verdict.—Scope.—A general verdict for plaintiff is a finding that all the material allegations of the complaint are true. p. 439.

From Lake Superior Court; Walter T. Hardy, Judge.

Action by the First Calumet Trust and Savings Company, administrator of the estate of Joseph Gorcsas, deceased, against the Linde Air Products Company. From a judgment for plaintiff, the defendant appeals. Affirmed.

Peter Crumpacker, Fred C. Crumpacker and J. C. M. Clow, for appellant.

Bomberger, Curtis, Starr & Peters, for appellee.

ERWIN, J.—Appellee brought this action against appellant to recover damages for the negligent killing of one Joseph Gorcsas. The complaint is in one paragraph and, in substance, alleges that appellant is a corporation engaged in compressing air in the city of East

Chicago, and employs more than five persons in and about said business; that on August 17, 1913, appellee's decedent was engaged in said factory and was directed to assist in the repair of one of the cylinders by which the air was compressed; that appellant negligently failed to take off the air from such cylinder before allowing and directing decedent to work upon same; that decedent was directed to assist in removing the plunger from said cylinder; that when decedent with the aid of the foreman, under whose direction decedent was working, loosened the plunger from the frame to which it was attached the plunger shot out with such force as to kill decedent. To this complaint appellant interposed a demurrer, which was overruled. An answer in general denial closed the issues. Trial was had by jury which returned a general verdict for appellee in the sum of $7,000 and, with said verdict, returned answers to fifty-four interrogatories.

The error assigned is the overruling of the motion for a new trial. The principal reason assigned therefor and argued by appellant is the sufficiency of the evidence to sustain the verdict. Other causes for a new trial are: (1) The instructions given by the court; (2) refusal to give tendered instructions; (3) admission of evidence; and (4) rejection of evidence.

The particular negligence charged is the failure of appellant to open the cocks, so as to allow the air to escape from the cylinder before attempting to

1. repair the same. The evidence clearly establishes the fact that the cylinder was under a high pressure of air at the time decedent was directed to work upon the same and to assist in its repair; that the plunger in said cylinder was thrown therefrom for a considerable distance, and that decedent was struck and killed. There is evidence that without consider-

able pressure on the plunger it could not have been forced out of the cylinder.

The jury in its general verdict finds for the appellee that all the material allegations of the complaint are true. In addition to the general verdict, the answers to the interrogatories specifically find that the cocks on the air tank No. 5 were not opened, and that the injuries of which decedent died were caused by the failure of appellant to open the cocks and allow the air to escape before undertaking to repair the plunger. The question of the weight of the evidence is for the jury and this court cannot consider the same where, as in this case, there is a conflict.

Appellant claims that the giving of instructions Nos. 20, 21, 22, 23, 24, and 25, and each of them, was erroneous. It clearly appears from the answers to interrogatories that the jury based its verdict upon the negligence of appellant in not exhausting the air from the cylinders before undertaking its repair, and there is no contention on the part of appellant that if it failed to release the air from the cylinder before disconnecting the plunger from the frame that this would have been negligence on its part. This would cure any error in giving instructions, even if erroneous.

We are of the opinion that this is a case where a penalty should be imposed, and it is ordered that this judgment be affirmed with ten per cent. penalty.

NOTE.—Reported in 114 N. E. 965. See under (1) 3 Cyc 348, 349; 4 C. J. 858.