## Marks et al. v. Bremmer.

[No. 23,281.  Filed June 27, 1917.]

1. Sales.—*Action for Purchase Price.—Defense of Implied Warranty.—Pleading.*—In an action by the vendor for the purchase price of a carload of "unwashed brass ashes," the defense of breach of the implied warranty as to the condition of the ashes and conformance to sample must be pleaded with great particularity to properly present such issue, in view of the fact that the amount of brass contained in the ashes cannot be as-

certained until after refinement and the percentage of metal to be found throughout large quantities of such ashes is not uniform.  p. 435.

2.  Costs.—*Costs on Appeal.—Vexatious Appeal.—Penalty.*— Where appellant's contentions are clearly without substance and the appeal savors of vexation and delay, a penalty may be added by the appellate tribunal to the amount of the judgment below. p. 436.

From Marion Circuit Court (23,935) ; *Louis B. Ewbank,* Judge.

Action by Charles Bremmer against Benjamin Marks and others.  From a judgment for plaintiff, the defendants appeal.  (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.)  *Affirmed.*

*Ralph Bamberger* and *Isidore Feibleman,* for appellants.

*Delos A. Alig,* for appellee.

SPENCER, J.—It appears from the record in this case that on May 6, 1913, appellants purchased from appellee one carload of "unwashed brass ashes" and five barrels of aluminum grindings.  The ashes in question were represented by appellee as taken from the furnaces of the Indiana Brass & Bronze Company, in Marion, and were purchased by appellants to be "washed" or smelted in order to recover the chance spillings and pieces of brass which fell into the ashes during the operation of the foundry.  After the carload of ashes had been shipped to the refinery, a controversy arose as to their value for the purpose indicated, and appellants declined to pay the balance due on the purchase price.  Appellee thereupon brought this action and recovered a judgment against appellants in the sum of $135.38.

In this court, error is assigned in the overruling of appellants' motion for a new trial and under that assignment appellants insist that the evidence shows (1) a breach of implied warranty as to the condition of the ashes in question, and (2) a

delivery by appellee of goods which failed to conform to a sample shown at the time of purchase. The evidence shows, without material dispute, that the actual, and even the approximate value, for refining purposes, of ashes taken from brass furnaces cannot be known until they have been put through the cleansing process and, further, that the percentage of metal to be found in brass or copper ashes is not uniform throughout a large quantity of the same. Under such circumstances, it is difficult to understand how the product may be successfully bought and sold by sample or be subject to implied warranties as to the amount of metal contained therein. The latter issue, however, must have been pleaded with particularity, and, in this case, is not properly presented by the record. *Shirk* v. *Mitchell* (1894), 137 Ind. 185, 188, 36 N. E. 850; *Aultman, Miller & Co.* v. *Seichting* (1890), 126 Ind. 137, 140, 25 N. E. 894.

The issue of sale by sample presents a question of fact on which the decision of the trial court against appellants is fully supported by the evidence. No contention is made that the proof does not support the allegations of the complaint, nor that appellee failed to deliver the ashes actually sold to appellants, nor that the circuit court erred in any of its rulings during the trial.

Where, as in this case, the contentions presented by a party appellant are clearly without substance and the appeal savors rather of vexation and delay, 2. a penalty may and should be added by the appellate tribunal to the amount of the judgment below. *Linde Air Products Co.* v. *First Calumet, etc., Bank* (1917), *post* 437, 115 N. E. 91; *Millard* v. *President, etc.* (1874), 49 Ind. 204; *United States, etc., Society* v. *Watson* (1907), 41 Ind. App. 452, 457, 84 N. E. 29. Applying this rule to the case at bar, the judg-

MAY TERM, 1917.                    437

Linde, etc., Co. v. First Calumet Trust, etc., Co.—186 Ind. 437.

ment of the Marion Circuit Court is affirmed, with ten per cent. penalty and costs.

NOTE.—Reported in 116 N. E. 738. See under (1) 102 Am. St. 607; (2) 11 Cyc 236.