NIAGARA FIRE INSURANCE COMPANY OF NEW YORK
v. ABELL ET AL.

[No. 9,751. Filed April 3, 1919. Rehearing denied June 25, 1919.
Transfer denied June 30, 1921.]

1. INSURANCE.—*Fire Insurance.—Policy In Name of Record Owner.—Action by Actual Owner.—Statutes.*—Where insurer's agent issued a fire policy in the name of the owner of record of the property covered, with full knowledge that it was in fact owned by another, who had negotiated for the insurance and paid the premium, the record owner having been named as the insured by reason of the agent's misapprehension of the law, the actual owner was the real party in interest, and under §251 Burns 1914, §251 R. S. 1881, was the only person who could maintain an action on the policy. p. 257.

2. INSURANCE.—*Fire Insurance.—Proofs of Loss.—Waiver.—Denial of Liability.*—Where liability on a fire policy is denied by the insurer, proofs of loss are waived. p. 258.

3. APPEAL.—*Review.—Harmless Error.—Admission of Evidence.*—In an action on a renewal fire policy, which was issued in the name of the owner of record of the property covered instead of that of the actual owner, error, if any, in the admission of evidence tending to prove that insurer had knowledge of the character of the title of plaintiff, the actual owner, when the original policy was issued and while it was in force, was harmless to insurer, where such evidence was trifling in weight in comparison with competent evidence, admitted without objection, tending to prove the same fact. p. 259.

From Dekalb Circuit Court; *Dan M. Link*, Judge.

Action by Charles Abell against the Niagara Fire Insurance Company of New York and another. From a judgment for plaintiff, the defendant named appeals. *Affirmed.*

*Burke G. Slaymaker*, for appellant.
*Mountz & Brinkerhoff*, for appellees.

REMY, J.—This is an action on a fire insurance policy, and was brought by appellee Charles Abell against appellant, the Niagara Fire Insurance Company of New York, and one Thomas F. Carson. The latter was made

a party defendant to answer to any interest he might have. The policy sued on is the usual and ordinary insurance contract indemnifying the insured against loss by fire of a grain elevator and certain coal sheds in the city of Garrett. Thomas F. Carson is named in the policy as the owner of the property, and is the only person who by the terms of the written contract is indemnified. In each paragraph of the complaint, however, it is alleged in substance, that appellee at the time the policy was issued, and at the time of the fire, was the owner in fee-simple of the real estate upon which the insured property was located, and that he was the sole owner of the buildings; but that his deed had not been recorded, for which reason the title appeared of record in the name of Carson who, in fact, had no interest therein. It is also averred in each paragraph of complaint that appellant's agent, with knowledge of all the facts as to title, and upon appellee's application, executed and delivered the policy to appellee, and receipted appellee for the premium therefor, and that Carson was named in the policy as the insured because such agent at the time said it was the proper and necessary way; but that it was the purpose and intention of the parties at the time the policy was issued to insure, and the appellant company by the policy did insure, the interest of appellee as the owner of the property. Upon the filing of the complaint, Carson filed a disclaimer. Appellant's demurrers to both paragraphs of the complaint were respectively overruled, and, in addition to a denial, appellant filed a special answer averring that Carson, named in the policy as the insured, was not, and at no time had been, the owner of the property insured, of which appellant had no notice until after the fire occurred. With this special answer which closes with a prayer for rescision of the policy, appellant brings into court for the use of ap-

pellee the full amount of the premium it had received, but it was not pleaded that a tender of such premium had previously been made. A reply in denial to the special answer closed the issues. A trial by jury resulted in a verdict for appellee. Appellant relies for reversal upon alleged errors of the court: (1) In overruling the demurrers to both paragraphs of complaint; (2) in overruling appellant's motion for judgment on the jury's answers to interrogatories returned with the general verdict; and (3) in overruling appellant's motion for a new trial.

Appellant challenged each paragraph of complaint for want of facts, and if correct in its statement of the principles of law controlling, each paragraph is

1. insufficient. Appellant's position is, that the contract sued on, and which is made the basis of each paragraph of complaint, is a plain unambiguous written contract by the terms of which appellant company insures the interest of Thomas F. Carson, and not the interest of appellee, in the property in question, and that since no fraud or mistake is alleged, collateral parol agreements may not be averred in the complaint, or proved on the trial, to vary the terms of such contract. It will be seen that appellant invokes a principle of law which is not applicable. It is averred in each paragraph of the complaint, that the contract of insurance made the basis of the action was a contract between appellant insurance company and appellee, Charles Abell; that appellant with knowledge of all the facts wrote the contract for Abell, insuring, and intending to insure, Abell, taking Abell's money in payment of the premium, and delivering the policy to him, but inserting therein the name of Carson as the insured. There was no contract with Carson who as appellant knew had no interest to insure, and whose name was

used by appellant's agent under a misapprehension of the law. As appellant says, there was no mistake of fact and no fraud in the execution of the contract. The contract was written just as both parties intended. If the policy did not insure Abell, it insured nobody, since Carson, as both parties knew, had no interest in the property to lose by fire or otherwise. The facts averred in each paragraph of complaint show that appellee was the real party in interest, and, under the Code of Civil Procedure in this state (§251 Burns 1914, §251 R. S. 1881), he is the only person who could maintain the action. It was the law of this state even before the adoption of the Code, that "if a promise be made to a person by a wrong name, the promisee may sue upon that promise in his right name, and may show by evidence that he was the person intended." *Leaphardt* v. *Sloan* (1840), 5 Blackf. 278; *McKinney* v. *Harter* (1845), 7 Blackf. 385, 43 Am. Dec. 96; See also, *Rhyan* v. *Dunnigan* (1881), 76 Ind. 178; *Cincinnati, etc., R. Co.* v. *Case* (1890), 122 Ind. 310, 23 N. E. 797. There was no error in overruling the demurrers to the two paragraphs of complaint.

The only reason suggested by appellant in support of the alleged error of the court in overruling its motion for judgment on the jury's answers to interrogatories returned with the general verdict is that the jury by its answer to interrogatory No. 12 found that appellee did not furnish appellant written proofs of loss within sixty days after the fire occurred, as provided by the policy. It is the law that proofs of loss are waived where liability is denied by the insurer (*Germania Fire Ins. Co.* v. *Pitcher* [1920], 160 Ind. 392); and the jury by its answer to interrogatory No. 10 found that within sixty days after the date of the fire, appellant denied liability. There was no error in

overruling the motion for judgment on the answers to interrogatories.

The questions raised by the alleged error in overruling the motion for a new trial, and which are not disposed of by our holding as to the sufficiency of
3. the complaint, and which have not been waived by appellant, are: (1) As to the admission of certain evidence; and (2) the sufficiency of the evidence to sustain the verdict. The objections to the admission of evidence which are not waived, all relate to evidence tending to prove that appellant had knowledge of the character of plaintiff's title at the time the original policy was issued, and during the time it was in force. Appellant objected to this evidence for the reason, as alleged, that the contract sued on was not a renewal, but a separate and distinct contract written by a different agent, and that appellee could be charged with knowledge only of the facts possessed by the agent who wrote the contract. As shown by the record, the evidence admitted over appellant's objection is trifling in weight, in comparison with the competent evidence tending to prove the same fact, which was admitted without objection. Witnesses Coffinberry and Brown, and appellee as a witness in his own behalf, each testified that appellant's state agent, who continued to be the state agent during the life of the contract in suit, was advised that appellee was the sole owner of the property in question; and certain correspondence was introduced and read in evidence, from which such knowledge on the part of appellant's state agent might be inferred. The undisputed evidence also shows that Grischke who was appellant's local agent at the time the policy in suit was issued, was also the local agent of appellee a part of the time during the life of the first policy, and was such agent when a fire occurred in the

buildings resulting in a small loss, and that after adjustment by appellant company, the loss was paid by Grischke directly to appellee, such agent having received the money through appellant's state agent. The record also shows that Grischke, the local agent, was present at the trial, but was not produced as a witness for appellant, and did not deny that he made settlement of the small loss directly to appellee, nor that he knew the character of appellee's title. Under such circumstances the admission of the evidence complained of would be harmless, even if it could be said that it was improperly admitted, which we do not decide.

The verdict of the jury is sustained by the evidence. Judgment affirmed.