UNITED AUTOMOBILE INSURANCE ASSOCIATION OF INDIANAPOLIS *v.* HENDERSON.

[No. 11,540. Filed May 31, 1923. Rehearing denied December 6, 1923. Transfer denied March 14, 1924.]

1. INSURANCE.—*Automobile Insurance.*—*Ownership of Property.*—*Answers to Interrogatories.*—In an action on an automobile fire insurance policy, where the complaint alleged that the plaintiff was the owner of the automobile insured, and that it was free from all incumbrances at the time of the insurance and at the time of the fire, answers to interrogatories that, at such times, a certain third party held a conditional sale note, executed by the insured, reserving title in himself until the note was fully paid, did not overthrow the general verdict for the plaintiff. p. 234.

2. INSURANCE.—*Automobile Insurance.*—*Ownership of Property.*—*Evidence.*—In an action on an automobile insurance policy for fire loss, evidence *held* to show insured to be unconditional owner of the automobile when the policy was issued, notwithstanding the existence of a conditional sale note to the agent that sold the automobile to the insured, which note reserved title in him until the note was fully paid. p. 238.

3. INSURANCE.—*Automobile Insurance.*—*Action For.*—*Ownership of Property.*—*Instructions.*—In an action on an automobile insurance policy for a fire loss, an instruction as to the effect of untruthful statements in the application concerning

United Automobile Ins. Assn. v. Henderson—81 Ind. App. 231.

ownership and liens on the automobile, which plaintiff claims were placed in the application by insurer's agent, without his knowledge or consent, held not reversible error where the jury was clearly instructed that if the plaintiff was not the unconditional owner of the automobile, he could not recover. p. 239.

4. INSURANCE.—Automobile Insurance.—Right to Recover on Policy.—Instruction.—Province of Jury.—In an action on an automobile fire insurance policy, where the jury was instructed that if insurer issued the policy and the automobile was destroyed by fire within the period of the insurance, the plaintiff could recover, unless .the jury found that he was not the owner at the time the policy was issued, and further instructed that if, at the time he contracted for the purchase of the car, he paid part cash and it was mutually understood between him and the sales agent that the plaintiff would give his personal note for the balance of the purchase money, and that the plaintiff did sign a note wherein title was reserved to the agent until paid, and that plaintiff understood he was signing an ordinary personal note according to their agreement, the fact that there was a clause in the note retaining title to the automobile until payment would not prevent the plaintiff from recovering, if otherwise entitled to verdict, although the defendant's answer set up provisions of the policy that the policy was void if the plaintiff was not the unconditional owner at the time the policy was issued, nor was such instruction erroneous on the ground that it invades the province of the jury.    p. 240.

5. INSURANCE.—Automobile Insurance.—Verbal Application.—Instruction.—Evidence.—In an action on an automobile fire insurance policy, in view of evidence concerning insured's verbal application to insurer's agent, and the issuing of a policy thereon, it is not reversible error to give an instruction that an application for insurance need not be in writing, and that if an oral application is made and accepted and a policy issued, the policy is as effective as if there had been a written application, even when the insurer is a co-operative insurance association that can only insure its members, who, according to the by-laws, must make application in writing.    p. 241.

6. SALES.—Conditional.—Ownership of Property Sold.—One who is not the owner of property cannot sell it to another and reserve title in himself.    p. 242.

7. TRIAL.—Evidence.—Motion to Strike Out.—A motion to strike out all the testimony of a witness on a certain topic is properly overruled when a part of his evidence was brought out by the mover, on cross-examination of the witness.    p. 242.

From Boone Circuit Court; *Frank E. Hutchinson,* Judge.

Action by William W. Henderson against the United Automobile Insurance Association of Indianapolis. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*W. H. Parr* and *W. H. Latta,* for appellant.

*Roy W. Adney* and *Rogers & Smith,* for appellee.

McMAHAN, J.—Complaint by appellee on an automobile insurance policy alleging that an automobile owned by appellee and insured by appellant was destroyed by fire. Appellant filed answer in five paragraphs. 1. A general denial. 2. That appellee, in the application for the insurance, represented that he was the owner of the automobile and that it was free from all incumbrances when, in fact, it belonged to another person and appellee held it only on a conditional sale contract. 3. That the automobile was burned through the negligent and wilful conduct of appellee. 4. That the policy of insurance had not been delivered to appellee at time of fire and that the policy was not in force at that time. 5. That appellant was a co-operative insurance company and only insured its members who applied in writing for membership; that appellee never applied for membership in writing, but that one Fowler, an agent of appellant, knowing appellee had not signed an application, sent an application to appellant and represented it as being an application from appellee; that Fowler, by fraud, induced appellant to send him a policy of insurance, which he held and did not deliver until after the fire, and that he delivered the policy after the loss without right or authority. Appellant also filed a counter-claim in which it alleged that before discovering that appellee was not the owner of the automobile, it had paid him another claim in excess of the premium

234    APPELLATE COURT OF INDIANA,

United Automobile Ins. Assn. *v.* Henderson—81 Ind. App. 231.

paid by appellee and sought to recover the difference. The issues being closed by a reply, the cause was tried by a jury and resulted in a verdict for appellee for the value of the automobile. In connection with the verdict, the jury answered certain interrogatories. Appellant filed a motion for judgment *non obstante* and for a new trial. Appellant has assigned as error the action of the court in overruling each of these motions.

The jury in answer to the interrogatories found that a written application signed "Wallace" W. Henderson for the policy sued on had been sent to appellant; that, in said application, the signer warranted the statements therein to be full, true and correct, that the signer was the owner of the automobile and that it was free from all liens and incumbrances; that the policy was made out to "Wallace" W. Henderson as owner of the automobile; that appellee did not sign such application nor authorize any other person to sign it and did not say he had signed it; that at the time when the application was made, and at the time when the automobile was burned, J. H. Airhart held a conditional sale note of appellee, reserving title to the automobile in Airhart until the note was paid; that Airhart was not the owner of the automobile by reason of the conditional sale note; that appellant issued the policy believing the statements in the application were true and, before it discovered otherwise, it paid appellee a claim for an injury to the automobile in the sum of $163.85; that appellant, after the loss of the automobile by fire, for the first time discovered that appellee was not the sole unconditional owner of the automobile and that it was not free of incumbrance; that thereafter appellee paid $73.25 as premium for the insurance policy; that Airhart prepared a conditional sale note which appellee signed July 20, 1920, without reading; that Airhart made no mistake in the

preparation of the note and that it was in the form as intended by Airhart.

Appellant contends that the facts so found are in irreconcilable conflict with the general verdict and that its motion for judgment should have been sustained. In support of this contention, appellant says the jury found the policy was issued by it relying upon an express warranty that appellee was the unconditional owner free from all incumbrance when, as a matter of fact, Airhart held a conditional sale note reserving title in himself and that it disaffirmed the policy as soon as it learned of said facts.

Appellee in his complaint alleged that he was the owner of the automobile when the application for the policy was made and that he continued to be such owner up to the time when the automobile was destroyed. The policy of insurance was made a part of the complaint. The application was made a part of the policy and it contained a statement that the applicant was the owner of the automobile and that it was free of all liens and incumbrances. The policy contained a provision to the effect that it was issued upon the basis of the statements in the application and that the assured by accepting the policy warranted the statements in the application to be true.

There is no allegation in the complaint as to when appellee became the owner of the automobile nor from whom he purchased it. There is no allegation that he purchased it from Airhart or that Airhart ever owned it. In so far as the general verdict of the jury is concerned, there is no finding as to when or from whom appellee purchased the automobile, and, in the absence of a special finding that Airhart was the owner of the automobile and sold it to appellee on a conditional contract of sale reserving the title in the vendor until the purchase price was paid, it cannot be said, as a matter

of law, that the fact that Airhart held a conditional sale note signed by appellee and reserving title to the automobile in question to Airhart until the note was paid, conclusively shows that appellee was not the unconditional owner of the automobile. Not only did the jury by the general verdict find that appellee was the owner of the automobile, but by an answer to an interrogatory, the jury specifically found that at the time when the application for insurance was made, the automobile was not the property of Airhart by reason of a conditional sale note given for the purchase money. In so far as the pleadings, and the fact as found by the jury are concerned, it may be that appellee purchased the automobile from some person other than Airhart, prior to the execution of the sale note and that appellee, after having so purchased the automobile from some other person, executed the note to Airhart for money loaned or advanced to appellee to pay the person from whom appellee purchased the car. We have no question but that such a state of facts might exist consistent with the general verdict of the jury to the effect that appellee was the owner of the automobile and which facts would not necessarily be overthrown by the answers of the jury to the interrogatories. It follows that there was no error in overruling the motion for judgment.

In support of the contention that the verdict is not sustained by sufficient evidence and that it is contrary to law, appellant says that the evidence conclusively shows that appellee, in the application for insurance, stated that he was the sole and unconditional owner of the automobile; that the same was free of all liens and incumbrances; that he warranted such statements to be true, when, as a matter of fact, he was not the unconditional owner of such automobile; that one J. H. Airhart was the owner of such, he having sold it to

appellee under a contract of sale wherein the title was reserved in the seller until the whole of the purchase price was paid; that appellee, when said application was made, owed a balance of $790 on the purchase price of the automobile, and that he never paid any part of such balance until after the fire.

The evidence shows that Airhart was the agent at Lebanon for the sale of Buick automobiles, and that on July 13, 1920, he negotiated the sale of the automobile in question to appellee for $1,725, taking another automobile as part payment and receiving a note signed by appellee and payable to the General Motor Parts Company for $790, that being the balance of the purchase price. This note, with interest for seven months, was accepted by Airhart and sent to the General Motor Parts Company which, for some reason, refused to accept the same and returned the note with the interest to Airhart. Upon the execution of this note and its delivery to Airhart, the automobile was delivered to appellee. About a week or ten days later, Airhart informed appellee that the company had refused the note and that it had been returned, whereupon appellee offered to return the automobile, but Airhart refused to, or at least did not, accept appellee's offer, but said he would "take care of it." He thereupon prepared a note payable to himself for $790, conditional that the title to the automobile should remain in him until said note was paid. Appellee signed the note without reading it, and did not know that it contained the statement that the title was to be in Airhart. The note which had been made payable to the General Motor Parts Company was destroyed and not introduced in evidence. The conditions of this note are not clearly shown by the evidence. Airhart who was the only witness who testified upon this subject, said: "It was a form used by the General Motor Parts Company, and was a lease or a mortgage.

I don't know exactly which. It merely gave a description of the car and I had to indorse the note that was attached, I sent it to the General Motor Company * * * it came back, I told Mr. Henderson, so I would carry it myself."

In September, following, an agent of appellant solicited appellee to take a policy of insurance on the automobile, to which appellee consented and directed the agent to procure the policy. The next day, this agent, without the knowledge of appellee, made out the application for the policy and either signed it himself or procured some person other than appellee to sign it. The application was signed "Wallace W. Henderson" and the policy was made payable to "Wallace W. Henderson," when appellee's name is William W. Henderson.

Does this evidence conclusively show that appellee was not the owner of the automobile when the application for insurance was made out and when the policy was issued? Might not the jury have inferred from the evidence that the automobile was the property of the General Motor Parts Company and that the delivery of it to appellee was with the intention that the title should at once vest in him? Might not the jury have inferred that the title prior to the delivery was in the General Motor Parts Company and that when it, for some undisclosed reason, refused to accept the contract which had been sent to it, that Airhart, rather than lose the sale, concluded that he would take a note payable to him and that, at that time, the title to the automobile was in the General Motor Parts Company or appellee and not in Airhart? If the title was not in Airhart, he could not sell it to appellee and reserve title in himself. Under such circumstances, the jury might find that appellee was the unconditional owner of the automobile at the time when application was signed and that he continued to be such owner up to the time of the

fire.    The verdict is sustained by sufficient evidence and is not contrary to law.

Appellant with great earnestness contends that appellee having made the policy to which the application was attached a part of his complaint, and having 3. based his cause of action on the policy, is in no position   to deny the truthfulness of the statement in the application as to ownership.    In answer to this contention, appellee says he has not in any of the pleadings repudiated the application, nor has he testified that the statements therein as to ownership, liens or incumbrances are untrue, but that, on the contrary, he bases his case upon the truthfulness of such statements.    It seems, however, from the instructions given at the request of appellee, that he was also contending in the trial court that the statement concerning ownership and liens was placed in the application by appellant's agent without his knowledge and consent and that if such statements were not true, it was the fault of such agent, and that appellant could not take the benefit of a wrong committed by its agent in order to defeat the payment of the loss.    Appellee's theory as we understand the record was:    (1) that he was in fact the unconditional owner of the automobile; and (2) if he was not the unconditional owner thereof, and appellant's agent, without his knowledge and consent, put untruthful statements in the application, that he would not be bound by such statements, but could recover for his loss if, in the absence of such statements, he could recover.    An examination of instructions Nos. 1, 3, 5, 6 and 7 given at the request of appellant, however, indicates that the cause was submitted to the jury upon the theory that unless appellee was, in fact, the unconditional owner of the automobile, there could be no recovery.    Under these instructions, the jury, by the general verdict, found appellee was the uncon-

ditional owner, and in answer to an interrogatory, the jury specifically found that the automobile was not the property of Airhart under a conditional sale note. While the court, at the request of appellee, instructed the jury as to the effect of untruthful statements being placed in an application by the agent of the insurer without the knowledge of the insured, the jury was, in a number of instructions, plainly instructed that appellee could not recover unless he was the unconditional owner of the automobile. The case being thus clearly submitted to the jury upon that theory, the instruction relative to the effect of an untruthful statement put in the application might very properly have been omitted, but, in view of the fact that the court, in at least five instructions, told the jury appellee could not recover if he was not the unconditional owner of the automobile, the giving of instruction No. 1 tendered by appellee as to the effect of untruthful statements put in the application by the agent of the insurer was not reversible error.

In instruction No. 4 given at request of appellee, the court, after telling the jury that if it found appellant issued a policy of insurance upon the automobile 4. in question against loss by fire, and if the automobile was, within the time for which the policy ran, destroyed by fire, appellee was entitled to recover the value of the automobile unless it found appellee was not the owner of the automobile, further instructed the jury to the effect that if, at the time appellee contracted for the purchase of the automobile, he paid thereon a certain sum in cash and property and if, at that time, it was mutually understood between appellee and Airhart that appellee would give his personal note for the balance of the purchase money, and that appellee did, at that time, sign a note wherein the title to the automobile was reserved in Airhart until the note was paid,

and that appellee understood he was signing an ordinary personal note according to their agreement, the fact that there was a clause in the note to the effect that the title should be in Airhart until the note was paid would not prevent appellee from recovering, if he were otherwise entitled to a verdict.

Under this instruction, the jury was required to find the existence of three facts: (1) ownership of the automobile by appellee; (2) the issuance of the insurance policy; and (3) loss by fire within the time during which the policy ran. Appellant complains of this instruction and says the allegations in its several paragraphs of answer and the provisions in the policy and the statements in the application denying and excluding a right to recover are ignored, and that there was, under the evidence, no warrant for that part of the instruction relating to a mutual mistake. We do not think the giving of this instruction is reversible error because of any objection made to it. It made no reference to a mutual mistake. It did make reference to an alleged mutual agreement but such reference does not call for a reversal on the ground that it invades the province of the jury.

Appellee contends that the court erred in giving an instruction to the effect that an application for an insurance policy need not be in writing, and that if an oral application is made and accepted and a policy issued thereon, the policy is as effective as if there had been a written application. Appellant makes no objection to the form of this instruction. Its contention is that the evidence shows it to be a "co-operative inter-insurance association" that can only insure its members, who must make application for the insurance, and who are bound by all the statements in the application. Appellant has not so stated, but we

assume that it refers to the statement in the application relative to ownership. Appellant also says there is no evidence to justify the giving of an instruction relative to an oral application. The evidence concerning appellee's oral application to appellant's agent has already been referred to, and with that evidence in the record, together with appellant's objection to its admission—and the right of counsel to comment on this evidence in their argument to the jury, we are not prepared to say the giving of this instruction amounted to reversible error.

The court committed no error in the eighth instruction in instructing the jury it could not find that the note given to Airhart was in fact a conditional 6. contract which reserved the title of the automobile in Airhart, unless it found that Airhart was the owner of the automobile when the note was executed. As heretofore stated, if Airhart was not the owner when the note was executed, he could not, as owner, have sold it to appellee and reserved title in himself.

Appellant also complains of the giving of instruction No. 3 tendered by appellee and of the refusal to give instruction four tendered by appellant. We have examined these instructions and find no error in the action of the court.

The next contention is that the court erred in refusing, at the close of appellee's evidence, to strike out all the evidence then given to support a mutual mistake. The motion actually made by appellant 7. was to strike out all the testimony of appellee as to his conversation with Airhart relative to the signing of the note given to the latter. Appellant, on cross-examination of appellee, first disclosed that there had been a prior note payable to the General Motor Parts Company which had been returned. It also brought

out the facts surrounding the execution of this note and that subsequently another note payable to Mr. Airhart had been executed. Appellant, as a part of its cross-examination, introduced this last note in evidence and, on re-examination, appellee was permitted to detail the circumstances leading to its execution, and, in so doing, related a conversation with Airhart, in which the latter informed appellee that the note payable to the General Motor Parts Company had been returned, together with the offer of appellee to return the automobile and what Mr. Airhart said about carrying the debt himself. The motion to strike out the whole of this evidence was properly overruled.

No reversible error being shown the judgment is affirmed.

Nichols, J., dissents.