### BRETHREN'S MUTUAL INSURANCE COMPANY v. HAYES ET AL.

[No. 11,857. Filed April 1, 1925. Rehearing denied June 26, 1925.]

INSURANCE.—*Insurer accepting assessments from purchasers of property on contract held estopped to deny liability on policy issued, on its advice, to the vendor.*—An insurance company that advised purchasers of real estate on contract to have a fire insurance policy issued in the name of the vendor, and which, knowing all the facts, collected assessments from them, both before and after they acquired title to the property, is estopped to deny its liability to them, and a complaint on the policy alleging such facts is sufficient on demurrer.

From Fulton Circuit Court; *Reuben R. Carr,* Judge.

Action by Elmer Hayes and another against the Brethren's Mutual Insurance Company. From judgment for plaintiffs, the defendant appeals. *Affirmed.* By the second division.

*Guy R. York, Myers & Emmons* and *Alton E. Rees,* for appellant.

*Arthur Metzler* and *Tillett & Lawrence,* for appellees.

McMAHAN, J.—Action by appellees on a certificate of membership and policy of fire insurance issued by appellant. The amended complaint on which the case was

tried alleges that on September 28, 1918, one George Walker, being the owner of certain real estate, entered into a contract for the sale of the same to appellees, who immediately thereafter entered into the possession of the same, a deed being executed at a later date when the balance of the purchase price was paid; that on said date, appellees and Walker went to an agent of appellant to have the buildings on such real estate insured and informed appellant's agent of the execution of said contract, that appellees were to take possession immediately under such contract and that they desired to carry insurance on the buildings for the protection of Walker, in accordance with the terms of the contract, until the balance of the purchase price was paid; that such agent advised them that the proper way would be for appellees to take out the insurance and pay the premiums thereon, but to have the policy made in the name of Walker, which was done, appellees paying the premium and expenses of such policy; that Walker sold and transferred his interest in the real estate to John Borden, and the policy was transferred to him by appellant; that on January 27, 1920, the balance of the purchase price being paid, Borden conveyed the real estate to appellees; that appellant, with full knowledge of all the facts, accepted from appellees payments of premiums and assessments on such policy issuing receipts therefor to appellees; that on August 3, 1920, certain buildings located on said real estate and covered by the policy were destroyed by fire, and that appellant, on being notified of the fire, denied liability.

A judgment having been rendered for appellees for the amount of the policy, appellant appeals and contends that the court erred in overruling the demurrer to the amended complaint.

The memorandum attached to appellant's demurrer contains seventeen specifications why the amended com-

plaint is not sufficient. The substance of the several specifications is: (1) That the amended complaint does not show that plaintiffs were ever members of appellant company; (2) that it does not show they ever made application for membership in appellant company as provided in Rule 13 of the company, or that they became members under Rule 30; (3) that John Borden is the only person entitled to prosecute the claim; (4) that John Borden never assigned or transferred the policy to plaintiffs; (5) that when Borden transferred the property to plaintiffs, he ceased to be a member of appellant company and that under the policy the liability of the company ceased; (6) that the acceptance of Walker and issuance of a certificate or contract of insurance to him was not an acceptance of plaintiffs as members; and (7) that Walker was the legal owner of the property and the only person to whom a policy could issue and that the complaint shows there was no contract of insurance between plaintiffs and the defendant.

The questions presented for our determination relate to the sufficiency of the facts alleged to constitute a cause of action.

Appellant insists that since the policy was made payable to Walker alone, and has never been assigned to appellees, they cannot maintain this action. There is no claim that appellees did not have an insurable interest in the property at the time the policy was issued. They entered into a contract for the purchase of the property, and the purchase money not all being paid, had agreed to take out insurance on the buildings for the protection of the seller. Appellant, with knowledge of all the facts, with knowledge that appellees desired to take out and carry the insurance, wrote the contract of insurance for appellees, intending to insure the buildings against loss by fire, taking appellees' money in pay-

ment of the premiums and fees in accordance with the rules of the company.   Instead of the policy being made payable to Walker and appellees as their interest might appear, it was, on the advice of and at the suggestion of appellant's agent, made payable to Walker alone. The agent, knowing that appellees were the owners of an equitable interest in the property and that Walker was not the absolute owner thereof, caused the policy to be issued in the name of Walker.   After the policy was issued, appellant, with knowledge of the facts, collected the assessments thereafter due on the policy from appellees, giving them receipts therefor.   After appellees had paid the whole of the purchase money and had received the deed for the real estate, appellant, with knowledge of the facts, continued to collect assessments from appellees, and it was not until the buildings were destroyed by fire that appellant raised any question as to the validity of the policy or made any claim that the policy did not cover appellees' interest in the buildings. So long as there was no loss, appellant was willing to levy assessments and collect them from appellees.   To hold that appellant, after having advised that the policy be made payable to Walker and that appellees pay the assessments, and having collected the assessments, with knowledge of the facts, could repudiate the contract and escape all liability, would be to permit appellant to perpetrate a gross fraud on appellees.   Under the facts, appellees at all times had an insurable interest in the property.   Appellant knew that fact and after appellees had become the absolute owners of the property, appellant, by accepting the assessments, recognized the validity of the policy and is now estopped to deny its liability to appellees.   The fact that the policy was made payable to Walker and thereafter assigned to Borden does not necessarily render the complaint bad. *Niagara Fire Ins. Co.* v. *Abell* (1919), 76 Ind. App. 255,

122 N. E. 667. As was said by the court in that case: "It was the law of this State even before the adoption of the Code, that 'if a promise be made to a person by a wrong name, the promisee may sue upon that promise in his right name, and may show by evidence that he was the person intended.'"

There was no error in overruling the demurrer to the amended complaint.

Judgment affirmed.