## MARYLAND MOTOR CAR INSURANCE COMPANY *v.* HARRIS.

[No. 12,126. Filed November 24, 1926. Rehearing denied February 2, 1927. Transfer denied April 28, 1927.]

1. APPEAL.—*Overruling demurrer to insufficient complaint, when harmless error.*—Overruling a demurrer to a complaint that was insufficient because of omission of material averment was harmless error where testimony covering such omitted allegation was admitted without objection. p. 135.

2. INSURANCE.—*On denial of liability on the ground that insured was not the sole owner of property insured, reply alleging no representations or warranties as to title or ownership but that all facts relating thereto were obtained by insurer's agents from the vendor thereof, held sufficient.*—In an action on a theft insurance policy, where a paragraph of answer was based on the fact that plaintiff was not the sole owner of the property insured, as required by a clause of the policy, a reply alleging that the insured made no written application for the insurance and no representation or warranties of any kind in relation to his title or interest in the property insured, but that all facts in relation to said risk were obtained by insurer's agents from plaintiff's vendor on a conditional sale contract, to whom the policy was delivered, and that plaintiff did not know of said clause in the policy until after the loss, was sufficient on demurrer. p. 135.

From Lake Circuit Court; *E. Miles Norton,* Judge.

Action by Arthur B. Harris against the Maryland Motor Car Insurance Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

VOL. 86—9

*William J. Whinery,* for appellant.

*Greenlee, Call & Richardson,* for appellee.

THOMPSON, P. J.—Appellee brought this action to recover on an insurance policy for an alleged theft of an automobile, which policy contained certain warranties and conditions regarding the title and ownership of said automobile in appellee, as owner.

The complaint was in two paragraphs. The first paragraph alleged, in substance, that on March 25, 1920, appellant executed its policy to appellee in the sum of $1,800 on a certain Nash automobile, in consideration of the premium of $76.50 paid to appellant by appellee, thereby insuring appellee for a period of one year against loss or damage from theft, robbery and pilferage upon said automobile, a copy of which policy is made a part of said complaint; that on March 21, 1921, while said insurance policy was in full force, said automobile, while standing in appellee's private garage in the city of Gary, was stolen by a party or parties unseen and unknown to appellee; that appellee was the owner of said automobile at the time of its loss, and that appellee has performed all the conditions under said policy on his part to be performed, and, before the commencement of this action and within the time required, gave appellant due notice and proof of loss, and demanded payment of said policy, which policy appellant refused to pay; that there was no written application exacted by appellant from appellee before said insurance policy was issued.

Appellee's second paragraph of complaint alleged, in substance, that on and prior to March 25, 1920, appellee Arthur B. Harris was a resident of the city of Gary, Indiana; that on and prior to said date, the Maryland Motor Car Insurance Company, a corporation, was and still is a corporation organized under the laws of the

State of Maryland, and as a foreign corporation was authorized to transact business in the State of Indiana, insuring automobiles against loss by theft, robbery and pilferage; that on March 25, 1920, said appellant was conducting its business in the city of Gary through its agent the Commercial Sureties Company, a corporation; that on March 25, 1920, appellee was the owner of a Nash automobile, and on said day, in consideration of a premium of $76.50 paid to appellant by appellee, appellant duly executed and delivered to appellee its policy of insurance, a copy of which is made a part thereof, whereby appellant insured appellee in the sum of $1,800 against loss by theft, robbery and pilferage upon said automobile for a period of one year; that on March 25, 1920, appellee purchased said automobile at Gary Garage and Sales Company of Gary, Indiana, under and by the terms of what is commonly called a conditional sales agreement, at and for the price of $1,957.05, and paid in cash, by way of an old car, the sum of $887.05, leaving a balance due said company of $1,080, for which appellee executed a series of notes, each in the sum of $90, becoming due and payable on the twenty-fifth of each month thereafter until all of said notes were paid; that said notes were payable at the Gary State Bank, at Gary, Indiana, and said sales agreement, among other things, provided that the automobile should remain the property of Gary Garage and Sales Company until said notes, with interest thereon, were paid in full, and it was further provided in said sales contract that appellee should keep said automobile insured for the benefit of said Gary Garage and Sales Company as its interest might appear; that said agreement was signed by appellee, and a copy of the same was made an exhibit to the complaint; that at the time said automobile was stolen, appellee had paid all

of the notes except a balance of $270, and that plaintiff paid said balance before the commencement of this action; that on March 21, 1921, said automobile was stolen from appellee's garage by some party or parties unseen and unknown to appellee; that no written application was made to appellant for said insurance, but that appellant, through and by its agent at Gary, solicited said insurance from appellee and that, when so solicited, appellee told appellant's agent that appellee had purchased the automobile of Gary Garage and Sales Company, and informed appellant's agent that all information concerning said automobile would have to be obtained from said Gary Garage and Sales Company; that no further inquiry was made of appellee and that no representation or warranty of any kind or character in regard to the automobile insured was made by appellee, and that all information concerning the property and the risk in connection therewith, as required by appellant, through its agent, was obtained solely by said agent from someone other than appellee; that the facts with respect to the purchase of the automobile covered by the policy of insurance were inserted in the policy by the agent of appellant after the reference given by appellee to persons from whom all facts concerning the purchase could have been obtained, and that said appellant undertook to and did insure the automobile by said policy of insurance solely upon and pursuant to facts ascertained for itself, by and through its said agent, from persons other than appellee, and in no wise pursuant to facts and statements by appellee and in the absence of a written application, inquiry, representation or warranty of any kind or character by appellee for said policy; that said policy was delivered through appellant to said Gary Garage and Sales Company and held by them until after the theft of said automobile; that appellee performed all conditions in said policy

which were to be performed by him, before the commencement of this action, and appellee demanded judgment in each paragraph of complaint in the sum of $2,000 and costs.

Appellant filed a separate demurrer to each paragraph of complaint, which demurrers were overruled, and appellant excepted.

Appellant filed answer in two paragraphs, the first a general denial, and the second alleging, in substance, that it admits that said policy of insurance was issued to appellee as alleged in the complaint, but appellant says that said policy was issued, and accepted by appellee, upon certain express conditions and agreements therein as follows:   Clause 3,  *  *  *  "the automobile described is fully paid for by the assured"  *  *  *; also in clause (c) "If the interest of the assured in the property is other than unconditional and sole ownership  *  *  *" the policy shall be null and void, and appellant further says that appellee was not, at the time of the issuing of said policy, the sole and unconditional owner of said automobile, but that, in truth and in fact, the title and ownership of said automobile was then in the Gary Garage and Sales Company of Gary, Indiana, and that appellant had no knowledge or notice of any kind or character that the appellee was not the sole and unconditional owner of said automobile and that appellant had no notice of said facts until after the loss of said automobile as alleged in the complaint.   Appellant further says that as soon as appellant learned of the breach of warranties on the part of appellee as to the ownership of said automobile, appellant did, on March 21, 1921, tender to appellee the full amount of premium paid by appellee to appellant, to wit, $76.50, together with six per cent. interest on said amount from the date of said policy to the date of said tender, and then

and there advised appellee that appellant denied all liability under said policy and requested that said sum of money be accepted by appellee, but appellee then and there refused to accept the same and refused to surrender said policy; that appellant has ever since said date kept said tender good, and has paid the same into court, together with costs accrued, and defendant asks judgment for costs.

Appellee filed a reply in two paragraphs to appellant's second paragraph of answer, the first a general denial and the second alleging, in substance, that the conditions of said policy of insurance as set out in answer were waived by appellant; that the agent of appellant did not require that appellee execute a written application for said policy and that no written application was thereafter made by appellee; that appellee made no representation or warranties of any kind in relation to the title and interest of appellee in and to the automobile covered by said policy; that all facts in relation to said risk were ascertained by said appellant by and through its agents who negotiated the risk and that, after the issuance thereof, said policy was delivered to the Gary Garage and Sales Company, from whom said automobile was purchased by appellee, and that said policy was so held until after the loss occurred; that appellee never saw or examined said policy and did not know the condition thereof until after the loss; that appellee paid to appellant $76.50 premium to cover whatever interest appellee had in said automobile.

The assigned errors are:   (1) The overruling of the demurrer to each paragraph of complaint; (2) the overruling of the demurrer to the second paragraph of reply; (3) the overruling of the motion for a new trial.

It is insisted by appellant that the court erred in overruling its demurrer to the complaint because of the fact

Maryland, etc., Ins. Co. *v.* Harris—86 Ind. App. 129.

that neither paragraph of complaint contained any allegation that said property "was not stolen by any person or persons in assured's household or in the assured's service or employment, whether the theft, robbery or pilferage occurred during the hours of said service or employment or not.   *   *   *"

While this action of the court in overruling the said demurrers to each paragraph of complaint might seem erroneous, yet an examination of the record discloses that, upon the trial in this case, evidence covering said omitted allegation was admitted without objection and heard.   It follows, therefore, that the said rulings of which complaint was made were harmless and are no cause for reversal, for the reason that the complaint under these circumstances will be regarded, on appeal, to have been amended in accord with the evidence.   See *Kohli* v. *Hall* (1895), 141 Ind. 411, 40 N. E. 1060; Ewbank's Manual of Practice §254.

There was no error in overruling the demurrer to the reply.   All of the principal questions discussed by appellant under the motion for a new trial have been decided adversely to appellant's contention.   See *Glens Falls Ins. Co.* v. *Michael* (1905), 167 Ind. 659, 74 N. E. 964, 79 N. E. 905, 8 L. R. A. (N. S.) 708; *United Automobile Ins. Assn.* v. *Henderson* (1923), 81 Ind. App. 231, 139 N. E. 680; *Brethren's Mut. Ins. Co.* v. *Hayes* (1925), 83 Ind. App. 327, 147 N. E. 159.

We find no reversible error.

Affirmed.