## McElfresh *v.* Odd Fellows Accident Company.

[No. 2,736.   Filed February 15, 1899.]

Accident Insurance.—*Complaint.*—*Sufficiency.*—A complaint on an accident insurance policy which alleges that plaintiff fell, injuring, lacerating, and tearing the muscles and flesh of the palm of his right hand from the fingers back to the wrist, bruising and jarring his right shoulder, straining the muscles and leaders thereof, causing the swelling of the same, and stiffening the joint, stating the existence of the disability in the language of the policy, is not bad for failing to state with sufficient particularity the disability, as the court cannot know judicially whether or not the injuries described in the complaint actually disabled plaintiff, so as to entitle him to recover, such question being one of fact.

From the Dearborn Circuit Court.   *Reversed.*

*G. M. Roberts* and *C. W. Stapp*, for appellant.

*Martin J. Girau*, for appellee.

Black, C. J.—The only question presented by this appeal is that of the sufficiency on demurrer of the appellant's complaint, which was based upon a policy of insurance.

By the terms of the policy the appellee insured the appellant against loss of time resulting from external, violent, and accidental means within the terms and conditions of the policy, and which immediately, continuously, and totally disabled and prevented him from transacting any and every kind of business pertaining to his occupation, which was stated to be that of a general insurance agent, not to exceed fifty-two consecutive weeks, and provided further that the loss for which claim should be made was a total disability, resulting immediately and continuously from external, violent and accidental means, within the terms and conditions of the policy, and was not caused or contributed to by any form of disease or bodily ailment, but was caused exclusively by bodily injuries

which left external and visible marks of contusion or wounds upon the body, effected by external, violent, and accidental means, occurring while the policy was in force. The sum insured for loss of time as aforesaid was $25 per week.

The complaint, setting up the policy, averred that on, etc., while the policy was in force, and while the appellant was engaged in lawful business, and not in any business or in doing any of the things prohibited by the terms and conditions of the policy, he, in running to the wreck of a train on a named railway track, at, etc., caught his foot in some concealed wires along the embankment of such railway track, and was thrown down such embankment, injuring, lacerating, and tearing the muscles and flesh of the palm of his right hand from the fingers back to the wrist thereof, bruising and jarring his right shoulder, straining the muscles and leaders thereof, causing the swelling of the same and stiffening of the joint, and "that from such injuries he was immediately, continuously, and totally disabled, and prevented from transacting any and every kind of business pertaining to his said occupation for six weeks, and that said injury was caused and resulted from external, violent, and accidental means, within the terms and conditions of said policy, and which left external and visible marks of contusion and wounds upon the body, effected by such external, violent, and accidental means," etc.

We gather from the briefs of counsel that the complaint was regarded as insufficient for the reason that it does not show with sufficient particularity such disability as was contemplated in the contract of insurance as sufficient and necessary for a recovery of the sum insured, and because it was assumed as a matter of law that the insured could not have been

immediately, continuously, and totally disabled and prevented from transacting any and every kind of business pertaining to the occupation of a general insurance agent by the injuries suffered by the appellant, as described in the complaint. We cannot adopt such a view. The complaint stated the existence of the disability in the language of the policy. While the disability might without impropriety have been more particularly described, it was not necessary, or indeed, proper, to state facts merely evidentiary. The language of the policy, in its usual meaning, will control, though it will be applied most strictly against the insurer, keeping in view the manifest purpose, so that the indemnity purchased shall not be defeated. But we cannot know judicially whether or not the injuries described in the complaint actually disabled this policy holder so as to entitle him to recover. If they did disable him as stated in the complaint, he had a cause of action. The question in dispute is one of fact. The disability was sufficiently stated to put the appellee to its answer. No other feature of the complaint has been discussed. Judgment reversed.