## INDIANA LIFE ENDOWMENT COMPANY *v.* PATTERSON.

### [No. 8,049. Filed January 6, 1914.]

1. PLEADING.—*Complaint.—Waiver of Conditions Precedent.—Sufficiency of Averments.*—Under §376 Burns 1908, §376 R. S. 1881, relating to pleading the performance of conditions precedent contained in a contract sued on, the general averment that all the conditions precedent had been performed before the bringing of the action is sufficient, but if the general averment is not relied on, the acts constituting the performance must be set out with particularity, and if a waiver is charged the facts constituting the waiver must be set out. p. 295.

2. INSURANCE.— *Action on Policy.— Waiver of Conditions Precedent.—Complaint.—Harmless Error.*—Where the complaint on an insurance policy, to recover the benefits therein provided on account of permanent disability from injuries, charged a waiver of the sufficiency of the proof of injury and disability, which was a condition precedent, without averring the facts constituting the waiver, the overruling of a demurrer thereto, if erroneous by reason of such defect, was harmless, where it appeared from the whole record that such was the only condition presented to the jury as having been waived, that proof was heard upon the question, and that the finding of the jury was against the claim of defendant that the condition had not been waived and that there had been no sufficient compliance therewith. p. 295.

3. INSURANCE.—*Action on Policy.—Complaint.—Averments of Total and Permanent Disabilty.*—In an action on a policy of insurance to recover disability benefits under a provision therein, which has been judicially construed to mean that the insured is entitled to payment in case he becomes totally and permanently disabled from following any occupation or engaging in any business from which he may by reasonable efforts obtain a livelihood, a complaint charging that plaintiff's injury was total and permanent,

that he was totally and permanently disabled from performing any and all kinds of manual labor or business upon which he depended for a livelihood, and that he was totally and permanently disabled from following his usual occupation and from performing any kind of manual labor whatever, sufficiently averred that the disability was total and permanent within the meaning of the policy. p. 296.

4. INSURANCE.—*Action on Policy.—Total and Permanent Disability.—Jury Question.—Conclusiveness of Verdict.*—In an action to recover on the total and permanent disability clause contained in a policy of insurance, the question of whether the disability of the plaintiff is total and permanent within the meaning of the policy is for the court or jury to determine from all the evidence in the cause, hence where there was sufficient evidence to warrant the conclusion that the proof of loss furnished by plaintiff was sufficient, the verdict for plaintiff is conclusive. p. 297.

From Warrick Circuit Court; *Roscoe Kiper*, Judge.

Action by John W. Patterson against the Indiana Life Endowment Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*William D. Hardy* and *Robinson & Stilwell*, for appellant.

*R. W. Armstrong* and *Frank H. Hatfield*, for appellee.

SHEA, J.—Appellee brought this action against appellant on an insurance policy to recover judgment for money claimed to be due him under the provisions of the policy for the payment of total and permanent disability benefits. Two paragraphs of complaint were filed, and a demurrer to each paragraph was overruled. An answer in general denial formed the issues submitted to a jury for trial. Judgment was rendered for appellee in the sum of $371.55.

The errors assigned for a reversal are the overruling of appellant's demurrer to each paragraph of the complaint, and the overruling of its motion for a new trial.

The first paragraph of complaint alleges substantially the following: Appellant is a corporation organized under the laws of Indiana, engaged in the business of insuring persons against death and injury by accident, and conducting its

business in the city of Evansville, Indiana. On October 23, 1907, at the town of Milltown, in Crawford County, Indiana, appellant, in consideration of the warranties contained in the application and a premium of two dollars per month, insured appellee against accident of any kind. By the terms of the policy, appellant promised to pay appellee's wife, the beneficiary named, in case of his death and satisfactory proofs thereof, the sum of $100 for emergency expenses, and thereafter $30 monthly on the first day of each month during her natural life until married, not to exceed the amount of the policy, $4,000; and obligated itself and agreed to pay appellee, in "the event that he became totally and permanently disabled from performing any and all kind of manual labor or business upon which he may depend for a livelihood", upon receipt of satisfactory proof of such injury, the sum of $30 per month so long as he lived, not to exceed $4,000. A copy of the policy is made a part of the complaint by exhibit. At the time of making application for insurance, and the issuing of the policy, appellee was a bridge carpenter, upon which business he depended for a livelihood, and these facts he made known to appellant at that time. On February 6, 1909, while the policy was in full force and effect, appellee received a severe personal injury by reason of a platform on which he was performing his work of adzing crossties, giving way, whereby he was thrown to the ground with great force and violence, and said crossties falling on him, bruised and mangled his body, and dislocated and tore his left shoulder from its socket; that his shoulder is still dislocated, and appellee was "thereby totally and permanently disabled from performing any and all kinds of manual labor or business upon which he depended for a livelihood; * * * that by reason of his said injury and accident he was and still is totally and permanently disabled from performing any and all kinds of manual labor or business upon which he depended for a livelihood and is totally and permanently

disabled from performing any and all kinds of manual labor of any kind whatever and that plaintiff has been and still is totally and permanently disabled from performing any and all kinds of manual labor or business in connection with his occupation as a bridge carpenter; * * * that since said accident and injury to plaintiff he has been unable to perform any kind of manual labor or perform any labor as a bridge carpenter, and has thereby been deprived of earning a livelihood by reason of said accident and injury;'' that he has duly performed all of the conditions of the policy to be by him performed before the bringing of this action, and immediately upon receipt of his injury and before commencement of this action gave appellant due and legal notice and proof of his injury; ''that said injury was such that plaintiff was totally and permanently disabled from performing any and all kinds of manual labor or business upon which he depended for a livelihood and was totally and permanently disabled from performing any kind of manual labor whatever.'' Appellee has repeatedly demanded settlement and payment, which demands appellant has wholly ignored, and has failed and refused to make settlement. Judgment for $4,000 and interest and all other proper relief is demanded.

The second paragraph of complaint is in the same language as the first, except that it contains an allegation of performance on appellee's part of all conditions precedent, except such as were waived by appellant. The second paragraph of complaint is especially challenged by appellant because of the following averments: (1) ''Plaintiff further avers that he has fully and duly performed all the conditions of said policy by him to be performed before the bringing of this action, except such conditions as were waived by the defendant.'' (2) ''That said injury was total and permanent and that he gave defendant due and legal notice before the commencement of this action; that his said injury was such that plaintiff was totally and permanently disabled

from performing any and all kinds of manual labor or business upon which he depended for a livelihood and was totally and permanently disabled from performing any kind of manual labor whatever.''

It is insisted that the first averment is insufficient because the particular acts constituting the waiver charged, should have been specifically set out. In support of this 1. doctrine, appellant cites and relies upon *Smith* v. *Brown* (1854), 17 Barb. (N. Y.) 431, and *Read* v. *Cisney* (1823), 4 Litt. (Ky.) *137. In the case of *Smith* v. *Brown, supra,* after a general averment in the complaint of conditions performed, this language is found: ''in every respect, except wherein the same were afterwards waived and altered from said written agreements, by the direction, consent or negligence and fault of the said defendants.'' The court held that this averment rendered the complaint bad. Section 376 Burns 1908, §376 R. S. 1881, provides that the general averment, that all the conditions precedent had been performed before the bringing of the action, is sufficient, but if the general averment is not relied on, the acts constituting the performance must be set out with particularity. *American Cent. Ins. Co.* v. *Sweetser* (1888), 116 Ind. 370, 19 N. E. 159; *National Benefit Assn.* v. *Bowman.* (1887), 110 Ind. 355, 11 N. E. 316; *Hanover Fire Ins. Co.* v. *Johnson* (1901), 26 Ind. App. 122, 57 N. E. 277. In the • case of *Magic Packing Co.* v. *Stone-Ordean, etc., Co.* (1902), 158 Ind. 538, 64 N. E. 11, it is held that ''it must be alleged, as to conditions precedent, that the party seeking to enforce the same has complied with all such conditions of said contract on his part * * * or state facts showing a proper excuse for not doing so.'' It is also held in *Grand Lodge, etc.* v. *Hall* (1903), 31 Ind. App. 107, 108, 67 N. E. 272, that if a waiver be charged in the complaint, the facts constituting the waiver must be set out. It can not be 2. said that this paragraph of complaint measures up technically to the rule herein laid down. The com-

plaint does charge, however, that there was a waiver of the sufficiency of the proof of injury and disability, which was a condition precedent. An examination of the whole record discloses the fact that this was the only condition which was presented to the jury as having been waived, or held to have been insufficiently complied with. Proof was heard upon the question without objection, and the finding of the jury was against appellant's contention; therefore, if it was error to overrule the demurrer to the complaint, no harm resulted to appellant on that account, and the cause will not be reversed for that reason, under the familiar rule of both this court and the Supreme Court. *Vulcan Iron, etc., Co.* v. *Electro, etc., Min. Co.* (1913), 54 Ind. App. 28, 99 N. E. 429, 100 N. E. 307, and cases there cited; *Crawfordsville Trust Co.* v. *Ramsey* (1912), 178 Ind. 258, 98 N. E. 177.

The second objection to this paragraph of complaint is equally untenable, as viewed by the court. In the case of *Indiana Life, etc., Co.* v. *Reed* (1913), 54 Ind. App. 450, 466, 103 N. E. 77, in construing a policy issued by the same company and identical in its language with the one here considered, the court says: "When so construed, the policy issued to appellee means that in case the insured becomes totally and permanently disabled from following any occupation or engaging in any business from which he may by reasonable effort obtain a livelihood, he is entitled to payment as stipulated in the policy." The language of the complaint in the case at bar is that appellee's injury was total and permanent; that he was totally and permanently disabled from performing any and all kinds of manual labor or business upon which he depended for a livelihood and was totally and permanently disabled from performing any kind of manual labor whatever; that he was also permanently disabled from following his usual occupation. The averments fairly construed, are sufficient, and no error was committed in overruling the demurrer to

the second paragraph of complaint. *Indiana Life, etc., Co. v. Reed, supra,* and authorities cited.

The objection to the first paragraph is that the averments of total disability were insufficient. The first paragraph is not set out in appellant's brief, but was supplied by appellee in his brief, and an examination discloses that it is identical in its allegations with the second, except with respect to the question of waiver, so what we have said regarding the allegation of disability contained in the second paragraph, applies to the first paragraph. It follows that the demurrer to that paragraph was rightly overruled. *Indiana Life, etc., Co. v. Reed, supra.*

Under its motion for a new trial appellant sets out: (1) The evidence wholly failed to show "total and permanent disability"; (2) The evidence wholly failed to show proof of "total and permanent disability", or waiver of such proof; (3) The evidence wholly failed to establish "total and permanent disability" within the provisions of the policy. In the case of *Indiana Life, etc., Co. v. Reed, supra,* the injury was the loss of an arm, and it was held that the question whether the insured was totally and permanently disabled so as to prevent him from earning a livelihood by any kind of service within the meaning of the policy, was a question of fact for the court or jury, to be determined from all the evidence in the case. There was evidence introduced sufficient to warrant the court and jury in concluding that the proof of loss furnished by appellee was sufficient. This court will not disturb the verdict on the weight of the evidence. The finding in *Indiana Life, etc., Co. v. Reed, supra,* is decisive of the questions here involved upon appellant's contention under its motion for a new trial.

We find no error in the record which warrants a reversal of this cause. Judgment affirmed.

Note.—Reported in 103 N. E. 817. As to what constitutes total disability, generally, see 38 L. R. A. 529; 23 L. R. A. (N. S.) 352;

29 L. R. A. (N. S.) 635; 34 L. R. A. (N. S.) 126. See, also, under (1) 31 Cyc. 107, 108; (2) 31 Cyc. 358; (3) 1 Cyc. 285; (4) 1 Cyc. 301.