### ROWLETT v. COCKRILL.

[No. 12,786.  Filed April 22, 1927.]

1. APPEAL.—*Overruling demurrer to defective complaint, when not reversible error.*—Overruling a demurrer to an insufficient complaint was not reversible error where evidence was admitted without objection covering the defects therein.  p. 94.
2. APPEAL.—*Overruling motion to direct a verdict not available error.*—Overruling a motion to instruct the jury to return a verdict for the defendant is not available error, the error, if any, being in refusing to give the instruction.  p. 94.
3. TRIAL.—*Introducing evidence after overruling motion for directed verdict waives the error in such ruling.*—Error, if any, in refusing to direct a verdict for the defendant, is waived by his introducing evidence in his own behalf after the court's ruling on the motion.  p. 94.
4. EVIDENCE.—*Evidence as to collateral matter properly excluded.*—Where the only question before the jury was whether the defendant had made an oral agreement to lease plaintiff's theater, evidence that defendant sent a telegram to a third party asking whether the charge for the use of the theater was satisfactory was properly excluded, as it was a collateral matter having no probative force on the question involved.  p. 95.

5. EVIDENCE.—*Admissibility, on cross-examination of defendant, of his contract with third party.*—In an action for the rent of a theater for one week for the purpose of conducting a cooking school therein, where the defendant denied that he had leased the theater but had merely conducted the negotiations therefor on behalf of a stove manufacturer, evidence that, by a written contract with the stove company, he had obligated himself to furnish a place to hold the cooking school was admissible on his cross-examination, as it tended to contradict his testimony that he was not acting for himself. p. 95.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

Action by David Cockrill against George W. Rowlett. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*F. F. McClellan, D. D. Hensel* and *L. A. Guthrie,* for appellant.

*A. E. Needham,* for appellee.

McMAHAN, C. J.—This is a suit by appellee to recover on an express oral contract for the use of a theatre room in the city of Newcastle. The complaint alleges that appellee is the lessee and manager of the theatre; that in February, 1925, appellant leased and rented from appellee the theatre room for the purpose of conducting a cooking school during the week commencing with March 16, 1925, at and for the agreed price of $350, which is due and unpaid. A trial by jury resulted in a verdict and judgment for $350; hence this appeal.

The errors relied on for reversal are the overruling of a demurrer to the complaint, and in overruling a motion for a new trial.

Appellee was the lessee and manager of the theatre in question. Appellant was engaged in the retail furniture and hardware business. While the evidence is conflicting on the question as to whether there was any agreement by which appellant leased the theatre as al-

leged in the complaint, it is sufficient to sustain a finding that he did, and that he agreed to pay $350 for such use. The evidence without dispute shows that appellee cancelled two shows that were booked for the week in question, and that on the morning of March 16, he opened the theatre, had the same lighted and heated and notified appellant that the same was ready for him, and that on each day of the week, the room was ready for appellant's use, but that he did not use or occupy the room at any time. Appellant makes no claim that the evidence is not sufficient to sustain the verdict.

The only objections to the complaint as set out in the memorandum filed with the demurrer are: (1) That there is no allegation that appellant promised to pay for the leasing of the theatre; and (2) there is no allegation that appellee was ready, willing and capable of performing his part of the contract of leasing. In view of the fact that evidence was admitted on the trial covering the alleged defects in the complaint, without objection, we are not required to determine whether the complaint was subject to the objections urged. The error, if any, in overruling the demurrer would not amount to reversible error.

The next contention is that the court erred in overruling appellant's motion, made at the conclusion of the plaintiff's evidence in chief, to instruct the jury to return a verdict for appellant. This contention cannot prevail for at least two reasons: (1) It has been many times held that the error is not in overruling such a motion but in refusing to give a tendered instruction; (2) after the court overruled the motion, appellant proceeded and introduced evidence in opposition to the evidence introduced by the plaintiff, thus waiving the error, if any.

Appellant, after having proved that he sent a telegram to the Michigan Stove Company concerning the

leasing of the theatre, and proving that the copy of this telegram had been lost, in answer to a question as to the contents of this telegram, offered to prove that in the telegram he told the stove company that the rent for the theatre would be $350 and asking if the stove company would pay it. There was no error in the action of the court in excluding this evidence. The question which the jury was called upon to determine was whether appellant made the agreement as alleged in the complaint. The sending of such a telegram was a collateral matter, and might have been sent notwithstanding appellant had made the agreement with appellee.

Appellant in defense denied having made the agreement with appellee for the use of the theatre. He claimed that in his conversations with appellee concerning the matter, he was acting for the Michigan Stove Company, and that he informed appellee that he would have to communicate with the stove company, as the price asked for the use of the theatre was "ridiculous," but if the stove company wanted to pay it, it would be satisfactory to appellant. On cross-examination of the witness so testifying, appellee was allowed to prove that there was a written contract between the stove company and appellant, by the terms of which, appellant was to furnish and provide the place for holding the cooking school and exhibit for which it was claimed the theatre was leased. The agreement between appellant and the stove company had a tendency to contradict and impeach the witness and was properly introduced in evidence for that purpose.

Judgment affirmed.