CONTINENTAL LIFE INSURANCE COMPANY *v.* ARCHIBALD.

[No. 13,021.    Filed March 30, 1928.    Rehearing denied June 28, 1928.]

*Beasley, Aikman, O'Brien & Beasley* and *Beasley, Douthitt, Crawford & Beasley,* for appellant.

*A. E. Thomas* and *J. T. Walker,* for appellee.

NICHOLS, J.—Action by appellee to recover moneys alleged to be due on an accident insurance policy by reason of an alleged injury.

The trial was by jury, resulting in a verdict in favor of appellee in the sum of $150, from which this appeal.

The errors relied upon for reversal are: (1) The court's action in overruling appellant's motion to make the complaint more specific; (2) in overruling appellant's demurrer to the complaint; (3) in overruling appellant's motion for judgment in its favor on special answers by the jury to interrogatories, notwithstanding the general verdict; and (4) in overruling appellant's motion for a new trial. The complaint alleges, in substance, that on June 25, 1925, for a consideration, appellant issued a policy of insurance to appellee covering a term of twelve months, by the terms of which, appellant promised payment of indemnity in the sum of $10 per week not exceeding fifteen weeks in the event of certain accidental injury; that on August 23, 1925, about 8 p. m. and while said policy was in full force, appellee was riding in the rear seat of a motor-driven vehicle, an Overland touring car, being a private car and in private use; that while in said automobile as aforesaid, driving on a certain public highway, a Ford truck, heavily laden with coal, ran into and collided with the said automobile in which appellee was riding, all without her fault; that, as a result of said collision, she was knocked from the rear

seat, over, upon and against the back of the front seat of said automobile and thereby injured, the extent of the injuries being averred; that she has fully complied with the terms of said policy, and made demand for payment of her claim, which has been refused, and that there is due and unpaid the sum of $150. Prayer accordingly.

The copy of policy, which is made an exhibit, contains the following:

"In consideration of the payment of the premium and subject to the terms, conditions and limitations contained herein does hereby insure Sarah A. Archibald, hereinafter called the insured, for a term of twelve months from the date hereof against death or disability resulting directly, independently and exclusively of all other causes from bodily injuries effected solely through external, violent and accidental means and sustained by the injured in the manner following:

"*Part One:*

By the wrecking or disablement of any private horsedrawn vehicle or motor driven vehicle in which the insured is riding or driving, or by being accidentally thrown from such vehicle or car.

"*Part Three:*

If the insured sustains injuries in any manner specified in Part One (b), which shall not prove fatal or cause specified loss of members of the body, but shall immediately, continuously and wholly disable and prevent the insured from performing each and every duty pertaining to any and every kind of business, labor or occupation during the time of such disablement, the company will pay indemnity at the rate of Ten Dollars per week, but not exceeding fifteen consecutive weeks."

Appellant first complains that the court committed reversible error in overruling its motion to make the complaint more specific by stating therein facts to show specifically whether or not appellee's injuries were the result of the wrecking or dis-

ablement of the vehicle in which she was riding, and by showing specifically wherein there was any wrecking or disablement of such vehicle. But appellant was not harmed by this ruling of the trial court, for, had the complaint contained these averments, and it might well have contained them, as hereinafter appears by the evidence, the complaint would have then been good as against the demurrer. Without such averment, the complaint, the substance of which is set out above, was clearly bad as against the demurrer, for the reason that it does not appear therein that appellee was injured by the wrecking or disablement of the vehicle in which she was riding, and it is only for injuries resulting from such cause for which appellant is liable under its insurance contract. Had appellant stood upon its demurrer to the complaint, and appealed from the judgment of the court on its ruling on such demurrer, this court would have been compelled to reverse the judgment. But, instead of taking this course, appellant filed its answer in general denial, and went to trial before a jury. It appears by the uncontradicted evidence, admitted without objection, that there was a "head-on" collision between the car in which appellee was riding, which was a private or family car, and a Ford truck, by which appellee was thrown from the back seat in which she was riding, forward and across the front seat, thereby producing the injuries for which she seeks a recovery under the terms of her contract of insurance; that the front axle of the car was bent, the front wheels were thrown out of line, the spindle holding the wheel to the axle and the tie-rod were each bent. It further appears that, after separating the car from the truck, the driver managed to turn it around and drive it back to a garage, a distance of about a mile and three-quarters, requiring thirty minutes time; that the car was almost unmanageable, and, when near the garage, it stopped and had

to be pushed into the building. It thus appears by the evidence that appellee was injured by the wrecking or disablement of a private motor-driven vehicle, and, under the terms of her insurance contract, she was entitled to recover.

While we hold that the court erred in overruling the demurrer to the complaint, we must also determine whether such ruling, in view of the whole record, was prejudicial to appellant before we will reverse because of such error. It has been many times held by this court and the Supreme Court that if it affirmatively appears by the whole record that the erroneous ruling did not prejudice the adverse party, and that the cause was fairly tried and determined upon its merits, it is our duty to affirm, regardless of the erroneous ruling. For a full discussion of this question, see the following authorities: *Vulcan Iron, etc., Co.* v. *Electric, etc., Min. Co.* (1912), 54 Ind. App. 28, 99 N. E. 429, 100 N. E. 307; *Crawfordsville Trust Co.* v. *Ramsey* (1912), 178 Ind. 258, 98 N. E. 177; *Indiana Life, etc., Co.* v. *Patterson* (1914), 55 Ind. App. 291, 103 N. E. 817; *Euler* v. *Euler* (1913), 55 Ind. App. 547, 102 N. E. 856; *Pittsburgh, etc., R. Co.* v. *Rushton* (1925), 148 N. E. (Ind. App.) 337, 149 N. E. 652; *Rowlett* v. *Cockrill* (1927), 86 Ind. App. 92, 156 N. E. 181; *Maryland, etc., Ins. Co.* v. *Harris* (1926), 86 Ind. App. 129, 154 N. E. 36.

There was no irreconcilable conflict between the answers to interrogatories and the general verdict, and the court did not err in overruling appellant's motion for judgment on such answers notwithstanding the general verdict. Nothing can be gained by further discussion of this question. The evidence is ample to sustain the verdict.

Affirmed.

Enloe, J., dissents with opinion.

## Dissenting Opinion

ENLOE, J.—I cannot give my assent to an affirmance of this case. In my opinion, the complaint in this case was bad on demurrer, and the evidence is not of such a character that, on appeal, we can deem said complaint to have been amended.

If the injuries sustained by the appellee were such as were covered by said policy, then she was entitled to a judgment in her favor, otherwise not. This requires a consideration, first, of the terms of said policy, and second, of the evidence introduced.

By the terms of said policy, she was protected during the life thereof against disability "resulting *directly, independently and exclusively of all other causes,* from bodily injuries effected solely through external, violent and accidental means and sustained by the insured in the manner following: "Part one: By the wrecking or disablement of any private horse-drawn vehicle or motor-driven vehicle, in which the insured is riding or driving, or by being accidentally thrown from such vehicle or car." (My italics.)

The evidence offered in this case shows the following facts: the appellee was riding in the rear seat of an automobile; this machine came into collision "head-on," with another automobile; *by the force of the collision* the appellee was thrown violently against and across the front seat of the automobile in which she was riding and thereby injured.

As to the car in which appellee was riding, the testimony shows that, as a result of said collision, the front axle thereof was sprung and bent, the radius rod was bent, and the spindle of one of the front wheels was bent and the front wheels "out of line."

We may concede that, technically, as a result of said collision, the automobile in which appellee was riding,

was wrecked, but appellee, certainly was not "thrown from" said car, and the questions remain: Was it the bending of the said front axle that caused her injury? Was it the bending of the radius rod that caused the injury? Was it the bending of the spindle that caused the injury? Was it the combination of all of these that caused the injury? So far as the testimony is concerned, these were the only parts of the car in which appellee was riding that were in any way injured, and obviously, it cannot be said that the bending of either or all of these parts was the *direct proximate cause* of appellee's injuries. She was injured, not by such wrecking of the car, but by the force of the impact of the two cars—the force of the collision, a hazard not covered by said policy. By its plain terms, said policy covers only such injuries as are the direct and proximate result of the wrecking of a car. In my judgment, this cause should be reversed.