SOWINSKI *v.* TRAVELERS INSURANCE COMPANY.

[No. 14,325. Filed April 6, 1932.]

*Anthony Olczak*, for appellant.

*Parker, Crabill, Crumpacker & May, Woodson S. Carlisle* and *George N. Beamer*, for appellee.

LOCKYEAR, J.—This is an action brought by the appellant against the appellee upon a certificate of insurance under a group life insurance policy and a group accident and sickness policy issued and delivered by the appellee to the Bendix Corporation and the Bendix Brake Company and their affiliated companies named therein. The amount covered by said insurance was the sum of $1,000.

The appellant's brief does not set out a copy of the complaint or sufficient allegations for this court to pass upon the sufficiency thereof, but the appellee has set out in its brief enough of the complaint to merit our consideration of the questions involved.

The complaint in this action appears to be based upon that part of the policy of insurance which reads as follows: "If any employee shall furnish the company with due proof that while insured under such policy, and before having attained the age of 60 years, he has become wholly disabled by bodily injury or disease, and will be permanently, continuously and wholly prevented thereby for life from engaging in any occupation or employment for wages or profit, the company will waive further payment of premium as to such employee and pay in full settlement of all obligations to him under said policy the amount of insurance in force hereunder upon his life at the time of the receipt of due proofs of said disability, in a fixed number of installments chosen by the employee, etc.

"In addition to and independently of all other causes of permanent total liability the company will consider the entire and irrecoverable loss of the sight of both eyes, or of the use of both hands or of both feet or of

one hand and one foot, as permanent total disability within the meaning of said policy."

The plaintiff in his amended complaint alleges that, on or about May 10, 1930, plaintiff's leg became infected with a disease of a highly infectious and progressive nature, to wit: Trumbo Anaitis Obliterans; that it was necessary, in order to arrest its progress, to amputate plaintiff's left leg above the knee, and thereupon, on July 12, 1930, because of the disease above mentioned, plaintiff's left leg was amputated above the knee and he was thereby deprived of the member and permanently disabled; that, at the time of the infection and consequent amputation of the leg, as above stated, plaintiff was insured by the defendant against dismemberment and disability by disease, and, according to the terms and conditions of a policy issued and delivered to the plaintiff by this defendant, a copy of which is attached to and made a part of the plaintiff's amended complaint, which policy was issued and delivered to the plaintiff by the defendant in consideration of a certain sum of money as a premium therefor paid by the plaintiff, the defendant became liable to the plaintiff in the sum of $500 as compensation due for the loss of the left leg sustained by the plaintiff.

The amended complaint alleges that appellant had duly performed his part of said insurance policy contract and that the appellee refused, failed and neglected to pay the sum of money named in the contract, although due demand was made therefor.

Judgment was demanded for $500, together with interest.

The appellee filed a demurrer to the amended complaint, which was sustained, to which ruling of the court. the appellant duly excepted refusing to plead further. Judgment was rendered for the appellee for costs.

The error assigned is the ruling of the court in sus-

taining said demurrer; the demurrer was upon the ground that the plaintiff's amended complaint did not state facts sufficient to constitute a cause of action. The appellee contends that the appellant is seeking compensation due for the loss of the leg and that, by the terms of the policy, there is no liability for the loss of a leg unless such loss occurred independently and exclusively of all other causes, and is a result of injuries sustained in an accident occurring within 90 days of the loss of the leg, which facts the complaint fails to allege.

The appellee contends further that if the plaintiff is to recover for permanent disability, "the only construction that can be placed upon these provisions of the certificate of insurance is that the appellee shall not be liable for permanent, total disability benefits unless the appellant has not attained the age of 60 years and has become wholly disabled by bodily injuries or disease, and will be permanently, continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit."

It has been held by this court that a complaint on an accident insurance policy that states the existence of the disability in the language of the policy is not bad for failing to state with sufficient particularity the disability. *McElfresh* v. *Odd Fellows Accident Co.* (1899), 21 Ind. App. 557, 52 N. E. 819; *Pacific Mutual Life Ins. Co.* v. *Branham* (1904), 34 Ind. App. 243, 70 N. E. 174; *Indiana Life, etc., Co.* v. *Reed* (1913), 54 Ind. App. 450, 103 N. E. 77; *Indiana Life, etc., Co.* v. *Patterson* (1914), 55 Ind. App. 291, 103 N. E. 817.

We note that the appellant's complaint does not allege that he has not attained the age of 60 years, nor does it allege that he has become wholly disabled, and will be permanently, continuously and wholly prevented thereby for life from engaging in any

occupation or employment for wages or profit, which facts are necessary to be proved in order to recover.

Under the law as announced in the cases above stated, we are of the opinion that the court did not err in sustaining the demurrer to the appellant's complaint.

Judgment is affirmed.