BURNS CONSTRUCTION, INC. *v.* VALLEY CONCRETE, A DIVISION OF H & S INDUSTRIES, INC. AND SMILEY BUILDINGS, INC.

[No. 3-573A62. Filed February 4, 1975.]

*Robert E. Peterson, Douglas B. Morton,* of Rochester, for appellant.

*John D. Ulmer, Yoder, Ainlay, Ulmer and Buckingham,* of Goshen, for appellee Valley Concrete; *Roger W. Hultquist, Snouffer, Haller and Colvin,* of Fort Wayne, for appellee Smiley Buildings, Inc.

GARRARD, J.—This was a suit upon an account related to the construction of pole buildings. The plaintiff, Valley Concrete (the supplier) was a ready-mix company that furnished concrete used on the jobs. The defendant, Smiley Buildings, Inc. (the franchisor) was franchisor for the pole buildings and furnished the general materials used in their construction. The appellant-defendant, Burns Construction, Inc. (the contractor) held a franchise from Smiley Buildings Inc., sold the jobs, put up the buildings and collected from the customers. However, a fourth company (the subcontractor), not a party to the action, actually performed the necessary concrete work.

Originally, the supplier dealt with the subcontractor. When it experienced trouble securing payment, it indicated no more concrete would be furnished upon the basis of the subcontractor's credit. A Mr. Kimmel, an employee of the contractor, then indicated that the contractor and franchisor would be responsible for payment. When bills for subsequent jobs went unpaid, the supplier brought this suit naming the contractor and the franchisor as defendants.

Trial was to the court. At the conclusion of the supplier's evidence, the court sustained the franchisor's motion to dismiss

pursuant to Indiana Rules of Procedure, Trial Rule 41(B). At the conclusion of all the evidence, the court found in favor of the supplier and against the contractor and entered judgment for $6,830.85.

This appeal follows the overruling of the contractor's motion to correct errors.

The contractor asserts the court erroneously sustained the franchisor's motion at the conclusion of plaintiff's evidence. This assignment fails to present a reviewable error. No motion to correct errors or cross appeal was filed by the supplier contesting the dismissal. The case was tried upon the supplier's complaint and the answers thereto. The contractor filed no cross complaint asserting any claim against the franchisor for contribution or indemnification, and the evidence admitted at trial disclosed no such right.

Accordingly, any error in the court's ruling is harmless as to the contractor because it does not affect the contractor's rights. In other words, the contractor lacks standing to claim the error. Rule TR 61. See, *Continental Life Insurance Co.* v. *Archibald* (1928), 87 Ind. App. 597, 162 N.E. 66; *Weiand* v. *Russow* (1963), 134 Ind. App. 625, 190 N.E.2d 567; *Ragland* v. *Swindell Dressler Corp.* (W.D. Pa., 1960), 186 F.Supp. 769.

It is next asserted that there was error in the award of interest. The contractor first argues that the debt could not have been an account stated because there was no agreement on the sum. There was, however, evidence that monthly statements were sent and no objection was lodged until the claim was referred to counsel several months later. While it is true that an account stated imports an agreement that the items of account and the balance struck are correct, agreement may be inferred from delivery of the statement coupled with the recipient's failure to make any objection thereto within a reasonable time. *First Nat. Bank* v. *Peck* (1913), 180 Ind. 649, 103 N.E. 643; *Walsh* v. *Farm Bureau Co-op* (1969), 146 Ind. App. 42, 252 N.E.2d 609.

The contractor also urges there was no evidence to support a finding that one item for $871.38 was ever billed to it before June 22, 1971. In support of this assertion, counsel ██ █ points to a March 31, 1971 statement in that amount which the supplier's treasurer admitted was mailed to the franchisor but not to the contractor. From this, counsel urges that the contractor was unaware of the $871.38 bill until it admittedly received another statement on June 22. The most that can be said for this testimony is that it conflicts with other testimony that bills were sent monthly and the evidence of the contractor's bookkeeper showing a reply letter sent prior to June 22 which apparently contemplated the $871.38 item along with the other items. Accordingly, the question becomes one of weighing the evidence and determining credibility. This we may not do.

Finally, the contractor urges that the decision is not supported by the evidence.

It is first assigned that the evidence showed a guaranty of payment for only one particular project. While the witness Kimmel so testified, his evidence was contradicted by three of the supplier's witnesses. Again the assignment merely urges that we reweigh the evidence.

It is also urged that the guaranty agreement was in violation of the Statute of Frauds. While, in fact, the evidence at trial was sufficient to avoid the requirement of a ██ contract in writing, we need not particularize for the asserted error has not been properly presented for review, since the assignment was not included in the motion to correct errors as required by Rule TR 59(G).[1]

The contractor has failed to demonstrate reversible error. The judgment is affirmed.

Staton, P.J. and Hoffman, J., concur.

---

1. It may also be noted that no affirmative defense asserting the statute was made as required by Rule TR. 8(C), nor was objection made to the testimony regarding the "agreement".