KEY HOTEL CORPORATION, CLUB OLYMPIA, INC. *v.* CROWE, CHIZEK & COMPANY AND DAVID A. THAKAR.

[No. 3-1074A178. Filed January 27, 1977.]

*Donald F. Strutz, S. Douglas Trolson, Jr.,* of Fort Wayne, for appellants.

*Max E. Hobbs,* of Fort Wayne, for appellee Thakar; *Byron F. Novitsky,* of Fort Wayne, for appellee Crowe, Chizek & Company.

GARRARD, J.—Crowe, Chizek & Company (the accountants) performed auditing and other accounting services regarding the books and affairs of Key Hotel Corporation and its affiliate, Club Olympia, Inc., the appellants herein. (Hereinafter appellants are referred to as "Key" and "Club O" or collectively as the "corporations.") A dispute arose regarding the liability of the corporations to pay for the services. A trial by court resulted in a judgment against the corporations for the majority of the services rendered and against appellee Thakar for the balance. We conclude that the corporations have failed to assert prejudicial error on appeal. We therefore affirm.

To understand the posture of the appeal it is necessary to recount in some detail the procedural background of the case and the factual circumstances which gave rise to litigation.

In the autumn of 1970 Donald Strutz was a shareholder, officer and the attorney for Club "O". While the exact relationship of the two corporations does not appear, it was undisputed that they were related and that Strutz had actual and apparent authority to speak for both. Strutz and Thakar entered into negotiations whereby Thakar was to purchase stock in Key and assume control of the corporations as their chief executive officer. As a result of these negotiations both Thakar and Strutz spoke with the accountants and the services in question were performed. (Although both the extent and value of the services were in question at the trial, no error is asserted on appeal regarding the total amount found due by the court, and we need not further consider that aspect of the case.)

In mid-October Thakar withdrew and an escrow agreement previously entered into was rescinded. Admittedly, Strutz then advised the accountants that thereafter the accountants were employed by the corporations. It is the liability for the

work performed by the accountants prior to that notification that prompted the litigation. The accountants billed the corporations for the entire value of the services they had rendered. The coroprations declined to pay, and Key commenced a suit for declaratory judgment naming the accountants and Thakar as defendants. The suit alleged that Thakar, not Key, had employed the accountants and sought a determination of the rights of the parties. The accountants filed a counterclaim against Key seeking payment of the portion of its bill attributed by it to Key,[2] and Key answered in denial. A second paragraph of answer asserted that Thakar had ordered the services and was liable to the accountants for their payment.

The accountants then commenced a separate action against Club "O" for its portion of the debt. Club "O" answered this complaint by a denial and filed a third party complaint against Thakar asserting that Thakar was liable to the *accountants* for the debt. Thakar answered by general denial.

The accountants did not amend their pleadings in either action to assert a claim against Thakar. Subsequently, the original complaint for declaratory judgment was dismissed. A consolidation was then granted combining for trial the counter-claim and answer thereto from the original action with the complaint, answer, third party complaint and third party answer contained in the second action. No pretrial order was entered. The consolidated claims were tried by the court. With respect to the claim involving Key, the court entered judgment that the accountants recover from Key $1,575.00 and that they recover from Thakar $510.00. On the claim involving Club "O", the accountants were awarded judgment of $1,935.00 against Club "O" and $600.00 against Thakar. Neither the accountants nor Thakar have assigned any cross errors.

Indiana Rules of Procedure, Trial Rule 14 permits a defendant to assert a claim against a third party *"who is or may*

---

2. The bills attributed slightly more than one half of the total services to the account of Club "O". No dispute is raised asserting attribution between the corporations to have been incorrect.

*be liable to him* for all or part of the plaintiff's claim against him." While the rule then permits direct claims to be asserted between the plaintiff and the third party defendant, it does not require the assertion of such claims. Thus, the rule appears to retain the right of a plaintiff to sue whom he chooses. However, it enables a defendant so chosen to seek relief against a third party who may, in turn, be liable to him for all or part of the potential judgment. Such an interpretation is reinforced by the change effected in the language of TR. 14 when it was amended December 7, 1970.[3] As originally adopted the rule permitted third party actions against a person who might be liable "with, to, or with respect to" the third party plaintiff for all or part of the plaintiff's claim. The effect of the amendment appears to narrow the permissible area for the assertion of such claims.

However, TR. 20(A)(2) provides in part:

". . . and the defendant may make any persons who could be joined under this rule parties by alleging their interest therein with a prayer that their rights in the controversy be determined, along with any counterclaim or cross-claim against them, if any, as if they had been originally joined as parties."

The apparent implication of our Supreme Court's recent decision in *City of Elkhart* v. *Middleton* (1976), 265 Ind. 514, 356 N.E.2d 207 is that the corporations could require litigation of the accountant's potential or possible claim against Thakar.

However, the corporations did *not* assert that Thakar was liable to them for all or part of the claim as permitted by TR. 14. Moreover, neither Thakar nor the accountants have assigned cross errors. Thus, in analyzing the issues available for appeal, if the evidence is sufficient to support a finding of liability on the part of the corporations for the full amount of the debt, then any error in assessing a portion of that liability to Thakar would be harmless to the corporations.

---

3. Effective January 1, 1971.

Conversely, while the corporations may attack the failure of the court to permit them to recover from Thakar for any or all of the amount for which they were found liable to the accountants, they may not independently attack the question of Thakar's direct liability to the accountants for they lack standing on that question. *See, Burns Construction, Inc.* v. *Valley Concrete* (1975), 163 Ind. App. 154, 322 N.E.2d 404; TR. 14, 61.

With the foregoing in mind, we consider the errors urged by the corporations.

The corporations argue that the *only* basis sustained by the evidence for finding liability against the corporations is on the theory of unjust enrichment, and therefore the judgment is contrary to law. This contention is based upon a stipulation that there was no claim of unjust enrichment to either corporation.

The idea of a recovery based upon unjust enrichment of the party to be charged is a part of the law of constructive contracts or contracts implied by law. *See, e.g., Clark* v. *Peoples Sav. & Loan Ass'n* (1943), 221 Ind. 168, 46 N.E.2d 681; 66 Am. Jur.2d, *Restitution & Implied Contracts,* § 3. If an express contract is proved, it is superfluous to consider unjust enrichment.

Here the evidence favoring the judgment is sufficient to support a finding of an express contract between the corporations and the accountants. It appears that Thakar originally contacted the accountants to perform a "spot check" or verifying audit of the corporate books and records so that for purposes of his prospective purchase, he would know the corporate affairs were as they had been represented. One of the accountants then went to Fort Wayne to make a preliminary assessment of what would be involved. Although the evidence of what happened thereafter was conflicting in some respects, there was credible evidence produced at trial that (a) the

accountants discovered inadequate bookkeeping and disclosed this to Thakar, (b) Thakar, in turn, disclosed this finding to the corporations; (c) Mr. Strutz, on behalf of the corporations, told Thakar that the necessary work had to be done and the corporations should simply have the accountants do what was needed; and (d) that Strutz then contacted the accountants and instructed them to perform the work for the corporations.

The corporations argue that their resulting contract with the accountants was without consideration. It was not. The consideration consisted of the services that were requested to be performed.

The corporations argue that because of the original request from Thakar, the accountants did not rely upon or change their position based upon the request from the corporations. As above recounted, the evidence favoring the judgment is otherwise. It supports a determination that Thakar requested limited services from the accountants and that his request was frustrated by the state of the corporations' records. It supports the further determination that the corporations *then* ordered the comprehensive services which the accountants furnished. Stated differently, the evidence supports a finding that notwithstanding Thakar's earlier request, the contract for the services actually performed was between the corporations and the accountants. It supervened the earlier request from Thakar.

In their brief the corporations argue three other propositions.

They urge the court erred "in soliciting evidence" which would show the corporations benefited from the services. While we are not directed to any particular evidence by appellants, it appears the evidence produced was generally admissible as relevant and material to the issue of an express contract. Furthermore, we find nothing in the record indicating that the court solicited any evidence.

Appellants argue that at a pretrial conference the court stated, "the issue is clear, it is simply a question of who

ordered the audit." The transcript does not disclose the holding of a pretrial conference. Instead it appears the remark may have been made when attorneys for the parties were before the court requesting a continuance. We are at a loss to determine where the corporations were harmed or what effect such a remark may be supposed to have had on the case. Presumably any of the parties were free to demonstrate any additional issue that was in fact present. In addition, it appears that on the theories employed by the parties the comment was substantially correct, although the corporations erred by assuming that if Thakar ordered any kind of services his actions precluded a finding that it was the corporations which ordered the services which were subsequently performed.

Finally, it is alleged that the court refused to permit final argument and intimidated counsel from making any argument. The record discloses that at the conclusion of the trial the court stated that he assumed all sides waived final argument and asked if the parties were ready for the decision. To this corporations replied, "We are, your honor."

We do not approve of some of the remarks made by the court during the trial. However, we cannot find error where the complaining party did nothing to preserve his right to argument.

We affirm the judgment.

Staton, P.J., and Hoffman, J., concur.

NOTE.—Reported at 359 N.E.2d 262.