**Melvin H. SANDOCK, Defendant-Appellant,**

v.

**TAYLOR CONSTRUCTION CORPORATION, Plaintiff-Appellee.**

**No. 3–480A95.**

Court of Appeals of Indiana, Third District.

Feb. 25, 1981.

Rehearing Denied May 6, 1981.

Donald E. Wertheimer, Harry Heppenheimer and Associates, P. C., South Bend, for defendant-appellant.

Ernest J. Szarwark, Thornburg, McGill, Deahl, Harman, Carey & Murray, South Bend, for plaintiff-appellee.

HOFFMAN, Presiding Judge.

The defendant, Melvin Sandock, appeals from a judgment by the Superior Court of St. Joseph County awarding the plaintiff damages in the amount of $1,000 plus interest at the rate of 8% per annum from April 29, 1976.

The facts of this case are quite simple. The plaintiff, Taylor Construction Corp., and the defendant entered into a contract on February 16, 1976 in which the plaintiff agreed to prepare and deliver to the defendant a site use plan and final construction drawings and specifications for the contemplated construction of a retail carpet center. The defendant agreed to pay the sum of $1,000 when the drawings were completed. The contract also contained the following clause:

> "The above described services are to be paid for by the undersigned in the event the construction or supply work they cover or describe is abandoned or suspended or the contract to construct or supply is awarded to others. If, however, the contract to construct or supply is awarded to us, then the sum above will become a part of the total contract price."

The plaintiff ordered the necessary drawings from Welker Associates, Inc., an engineering and design management firm. Upon completion, the drawings were delivered to the defendant and invoices were sent by the plaintiff to the defendant on March 29, 1976 and April 29, 1976. The defendant did not pay these invoices; however, he also did not disclaim liability for the amount due. The plaintiff initiated this litigation and, following a trial to the bench, judgment was rendered for the plaintiff.

In bringing this appeal, Sandock argues, in essence, that the plaintiff failed to comply with the terms of the contract, thereby excusing payment by the defendant. This challenge is based on the following assertions: 1) the specifications and drawings furnished were not final; 2) a site layout plan was furnished instead of a site use plan; 3) construction work on the proposed building was never begun and, therefore, could not have been abandoned or suspended; 4) the electrical, mechanical and plumbing layouts were never prepared; 5) the drawings which were prepared did not fully utilize the materials and basic design of the Butler System of Construction; 6) the final drawings were never delivered to Sandock; and 7) the "account stated" statute does not apply. The only witnesses to testify at trial were Melvin Sandock, the defendant; Raymond Kuykendall, president of the plaintiff corporation; and Kenneth Carpenter, president of Welker Associates, Inc. The testimony of Mr. Sandock and Mr. Kuykendall was in direct opposition on many of the issues listed above and the court clearly chose to believe Mr. Kuykendall's rendition of the events. In his appellate briefs, the defendant bases his argument on the testimony of Mr. Sandock and urges this Court to accept his version of the facts.

Basic and long-standing rules dictate that this Court will not indulge in the reweighing of evidence or the determination of credibility of witnesses. These considerations are left exclusively to the trier of facts, in this case the trial judge, and the findings will not be disturbed on appeal if there is evidence in the record to sustain them. A reversal will result only when the record discloses no facts or inferences to support the judgment. *B & T Distributors v. Riehle* (1977), 266 Ind. 646, 366 N.E.2d 178; *Melloh v. Gladis* (1974), 261 Ind. 647, 309 N.E.2d 433; *Estes v. Hancock Co. Bank* (1972), 259 Ind. 542, 289 N.E.2d 728. It is also noted that in the two briefs the appellant has submitted to this Court, totaling

thirty-two pages, he has managed to cite exactly one case as authority for his position. Unfortunately, a close review reveals that this case does not support his argument. The appellant repeatedly presents factual assertions which he contends should be adopted by this Court, but he fails to supply any legal argument to support his request.

■ The trial court clearly found that the plaintiff fulfilled all of its duties and obligations under the contract by preparing and delivering to the defendant final construction drawings and specifications and a site use plan. This finding was supported by the testimony of Mr. Kuykendall and Mr. Carpenter and the documents which were presented as evidence in court. The defendant next contends that he was obligated to pay for the drawings only if the construction work was abandoned or suspended or if the contract was awarded to another. Since construction was never begun, Sandock alleges it could not have been abandoned and, thus, he is excused from payment. This interesting contract interpretation has no legal support. The construction and supply work described in the written contract was abandoned when the entire construction project was abandoned. Indeed, as the defendant himself states in his brief, "[t]he clear, uncontroverted fact that the project was abandoned before construction work was begun . . . ." Thus, the defendant's failure to fulfill his own plans does not excuse his obligation to the plaintiff. The electrical, mechanical and plumbing layouts were never prepared; however, the contract does not specifically require that the items were to be prepared. Furthermore, the plaintiff had on file with the Administrative Building Council sufficient master plans to obtain a construction permit from that agency, thereby fulfilling the purpose of this contract.

The defendant's next contention reveals the merit of his entire position. He argues that the blueprints and drawings prepared by the plaintiff do not fully utilize the Butler System of Construction. Mr. Kuykendall, who had built approximately twenty

Butler buildings, testified that these were plans for a Butler building. On the other hand, Mr. Sandock, a high school graduate with no specialized training in engineering or architecture, insisted that the drawings did not conform to his concept of a Butler building. Although he admitted that he had "possibly" never seen a blueprint for a Butler building, he was quite certain that the drawings would not produce a building similar to the photographs and pictures he had seen. The trial court simply chose to believe the testimony of Mr. Kuykendall rather than that of Mr. Sandock.

■ The defendant's sixth challenge to the findings of fact asserts that the final drawings were never delivered. According to Mr. Sandock's testimony, his first opportunity to see the final drawings was after litigation had commenced and his attorney obtained a copy of the drawings through discovery. To the contrary, the trial court found that the final drawings were delivered and, prior to the institution of the lawsuit, the defendant never denied receipt. This finding is supported by the testimony of the plaintiff's witness and will not be overturned.

■ The application of the "account stated" statute is the final allegation of error. That statute, IC 1971, 24–4.6–1–103(b) (1980 Burns Supp.), reads:

"Date From Which Interest Allowed.— Interest at the rate of eight per cent [8%] per annum shall be allowed:

\* \* \* \* \* \*

(b) And from the date an itemized bill shall have been rendered and payment demanded on an account stated, account closed or for money had and received for the use of another and retained without his consent."

The defendant argues that this situation presents an "incorrect application" of the statute and refers to *Urbanational Devel. v. Shamrock Engineering* (1978), Ind.App., 372 N.E.2d 742, at 750 as support.

"An account stated is defined as an agreement between parties that all items of account and the balance struck are

correct, together with a promise, express or implied, to pay the balance. *Walsh v. Farm Bureau Co-op.* (1969), 146 Ind.App. 42, 252 N.E.2d 609 (transfer denied); *Wiggam v. Rhodes' Estate* (1931), 92 Ind. App. 491, 176 N.E. 250; 1 I.L.E., Accounts and Accounting § 31, at 60. However, the agreement may be inferred from delivery of the statement coupled with the recipient's failure to object within a reasonable time. *Burns Construction, Inc. v. Valley Concrete* (1975), Ind. App. [163 Ind.App. 154], 322 N.E.2d 404. In the case at bar, the weight to be accorded the inference is conflicting. While there is testimony that there was no objection to the invoices until the job was coming to a close in April or May of 1971, there is nevertheless other testimony, although conflicting, denying that the amount for the 'extras' was owed. And, once liability has been denied, failure to object does not convert the invoices into an account stated."

In this case, Sandock did not deny liability or object to the invoices until Taylor had filed suit. This failure to object within a reasonable time, coupled with delivery of the invoices, permits the necessary inference to arise. Thus, an "account stated" was created and prejudgment interest was properly awarded. *See, Burns Constr., Inc. v. Valley Concrete et al.* (1975), 163 Ind. App. 154, 322 N.E.2d 404.

██ The final matter to be resolved in this appeal is the plaintiff's motion to assess damages against the appellant pursuant to Ind. Rules of Procedure, Appellate Rule 15(G). The extensive analysis of facts in this case was necessary to determine the merit of this appeal. This Court is ever mindful of its responsibility to refrain from weighing evidence or assessing credibility of witnesses; however, a careful review is required when a damage award is requested from this Court. As a guideline for the application of AP. 15(G), the Indiana Supreme Court, in 1975, stated,

"A discretionary award of damages is proper where an appeal is frivolous, or without substance or merit. *Marks v. Bremmer* (1917) 186 Ind. 434, 116 N.E.

738. Further, a penalty may be assessed where an appeal is taken merely to harass or delay the appellee, 'thus presenting an illustration of vexatious litigation, that crowds our courts to the detriment of meritorious actions, and which should not go unrebuked.' *Vandalia R. Co. v. Walsh* (1909), 44 Ind.App. 297, 89 N.E. 320." *Marshall v. Reeves* (1974), 262 Ind. 403, at 404, 316 N.E.2d 828, at 830.

A failure to follow proper appellate procedure which requires that appellate briefs contain cogent legal reasoning and citations to relevant authorities does not establish the requisite strong showing of bad faith. *Inter-City Contractors v. Consumer Bldg. Industries* (1978), Ind.App., 373 N.E.2d 903.

██ The present case reveals much more than a mere failure to comply with procedural requirements. The facts are clear: plaintiff and defendant entered into a contract; plaintiff performed and defendant refused to pay; plaintiff was forced to file a lawsuit to collect on the contract; and defendant, through the legal process, has avoided paying this debt for almost five years. This Court finds no substance in this appeal which was apparently taken to harass and delay. An award of damages, in the amount of 10% of the judgment, is appropriate.

The judgment is affirmed and the case is remanded to the trial court with instructions to modify the amount of damages in accordance with this opinion.

Affirmed and remanded.

GARRARD and STATON, JJ., concur.