John Maynard BAKER, Appellant
(Defendant Below),

v.

Kenneth L. KINNETT and Brien S. Kinnett, Appellees (Plaintiffs Below).

No. 2–385A72.

Court of Appeals of Indiana,
Fourth District.

Feb. 11, 1986.

Henry Y. Dein, Dein, Hammes, Stanley & Ripley, Indianapolis, for appellant.

Joseph R. Woods, John P. Woods, Indianapolis, for appellees.

## OPINION AND ORDER ON PETITION TO ASSESS DAMAGES

CONOVER, Judge.

Appellees Kinnett and Kinnett have filed a Petition to Assess Damages pursuant to Ind. Rules of Procedure, Appellate Rule 15(G), and the authority of *Sandock v. Taylor Construction Corp.* (1981), Ind.App., 416 N.E.2d 882, 886. The Kinnetts charge Baker's Petition for Rehearing was "frivolous and constitutes an obvious delay and intent to harrass the KINNETTS." Exactly the reverse is true.

▮ Petition for Rehearing is a condition precedent to the filing of a Petition to Transfer the case to our Supreme Court. It is but another crucial step in the appeal process constitutionally guaranteed appellant in this case. Even if Baker's Petition for Rehearing is procedurally defective, as the Kinnetts allege, such fact would not establish "the requisite strong showing of bad faith" required for the imposition of punishment for frivolity and delay. *Sandock*, 416 N.E.2d at 886. The Kinnetts' Petition is wholly without merit, merely clutters the record in this case, and puts this court to needless extra work.

For these reasons, the Kinnetts have come perilously close to the assessment of a penalty against them for the filing of such a frivolous and unwarranted motion. However, we will not do so because this is a case of first impression.

The motion is DENIED.

MILLER, J., concurs.

YOUNG, P.J., concurs in result.